■ In the Matter of NORMAN D. "JJ"* et al., Appellants, v. FAMILY AND CHILDRENS SERVICE OF ITHACA, NEW YORK, Respondent.— Appeal (1) from an order of the Family Court, Tompkins County, entered March 15, 1971, which dismissed petitioners' writ of habeas corpus, remanded the infant to the care and custody of respondent and directed petitioners to pay respondent the sum of $1,000 counsel fees, plus costs and disbursements; (2) from the judgment entered thereon; and (3) from an order, entered June 21, 1971, which denied a motion to set aside the judgment and reopen the proceeding to hear and consider newly discovered evidence. This custody proceeding was referred to the Family Court by order of the Supreme Court. Petitioners are the parents of the alleged putative father of an infant born out of wedlock. The alleged putative father, a 17-year-old boy, died of injuries sustained in an automobile accident approximately six months before the child was born. Petitioners seek the custody of the child, with the care and control thereof pending adoption to be given to another couple well known to them. Eleven days after the infant was born the natural mother surrendered the custody and guardianship of the child to respondent, an authorized agency for adoption, with a request that the baby be placed away from the area with a young couple and that her identity not be disclosed to the adoptive parents. She testified at the hearing that she surrendered the infant of her own volition and did not wish to change her decision. Petitioners asserted at the hearing that it would be in the best interests of the child for it to be placed in the custody of its alleged paternal grandparents for subsequent adoption by family friends so that the child may have the advantage of knowing its biological forebears. Several expert witnesses were produced by petitioners in an effort to prove that it would not be in the best interests of the child to lose its sense of identity by a severance of the biological kinship. The evidence is inconclusive, however, and we agree with the trial court that, under the circumstances of the instant case, knowledge of the whereabouts of the child by its natural mother who wants only anonymity for herself and the adoptive parents could be detrimental. We find the surrender was in proper form and in accord with the requirements of section 384 of the Social Services Law. The trial court awarded counsel fees pursuant to subdivision (b) of section 237 of the Domestic Relations Law. We conclude, however, that there is no authority under this statute for the awarding of counsel fees against these petitioners. Order entered March 15, 1971 and judgment entered thereon modified, on the law and the facts, to the extent of striking therefrom the provision requiring petitioners to pay respondent counsel fees and, as so modified, affirmed, with costs. Order entered June 21, 1971 affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.