Alfred J. Weiner, J.
This proceeding was commenced by petition and order to show cause pursuant to subdivision (b) of section 651 of the Family Court Act, requesting the custody of a minor child.
On the return date a hearing was held at which the petitioner, husband, did not appear personally or by his attor *963 nev, and the petition was therefore dismissed. At that point, counsel for respondent made an oral application for an award of counsel fees. Respondent’s attorney has now supplemented his request made in open court with an affidavit which delineates the nature and extent of the legal services rendered on behalf of the respondent.
The court is faced with what appears to be a question of first impression. Does the Family Court have the power to grant an award of counsel fees to a respondent wife, in a proceeding initiated in the Family Court under subdivision (b) of section 651 of the Family Court Act.
The answer to this question is yes.
The jurisdiction of the Family Court is statutorily limited (Matter of Brown v Brown, 71 Misc 2d 818, affd 39 AD2d 897, app dsmd 31 NY2d 956). In custody matters initiated in the Family Court, jurisdiction specifically arises under subdivision (b) of section 651 of the Family Court Act which states:
"the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petition and order to show cause, for determination of the custody of minors.”
The key language in this section is that which grants the Family Court the same powers possessed by the Supreme Court for the determination of custody of minors. For under subdivision (b) of section 237 of the Domestic Relations Law, upon any application by petition and order to show cause concerning custody of a child, the Supreme Court may direct the husband or father to pay such sum or sums of money for the prosecution or defense of a proceeding by the wife or mother as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.
Analogous to this situation and lending additional support to this court’s holding are those cases which hold that when the Supreme Court or County Court refers a custody proceeding to the Family Court for a de nova hearing, (Family Ct Act, § 651, subd [a]), the Family Court has the power to award counsel fees. (Matter of Kapzynski v Kapzynski, 30 AD2d 962; Matter of Stone v Chip, 68 Misc 2d 134.)
The court is not unmindful of section 262 of the Family Court Act, which provides for the assignment of counsel to indigent persons, and that it is applicable to custody proceed *964 ings under part 3 of article 6 of the Family Court Act. However, section 262 of the Family Court Act should be read in connection with the Domestic Relations Law to provide a second and alternative means whereby a respondent wife can finance legal representation.
On the question of a counsel fee, respondent’s attorney requests an award of $420. A counsel fee is not a mere arithmetical computation. Rather, the court may consider such factors as the attorney’s skill, competence, standing and reputation in the profession, and the amount and nature of the work involved. (Di Benedetto v Di Benedetto, 284 App Div 982.) Regardless of the most conscientious and necessary legal representation by an attorney, a fee can be awarded only if the court finds the respondent has the ability to pay it (Goldfarb v Goldfarb, 34 AD2d 774) and even then it can be awarded only in accordance with his means (Wood v Wood, 21 AD2d 627).
Accordingly, fair and proper counsel fees are hereby fixed in the sum of $300, payable directly to the respondent’s attorney within 60 days of the date of this decision.