(August 27, 1979)

■ HELEN M. AMBRO, Appellant, v JEROME A. AMBRO, Respondent.—In an action in which the plaintiff was granted a divorce, she appeals from an order of Supreme Court, Nassau County, dated March 23, 1979, which denied her motion for counsel fees and disbursements in connection with her defense of an appeal brought by defendant. Order affirmed, without costs or disbursements. Special Term properly concluded that plaintiff was not indigent and that she was possessed of adequate means to pay her own counsel fees in connection with her successful defense of the prior appeal. Since the motion herein for counsel fees was pending on March 5, 1979, plaintiff is not entitled to counsel fees (see *Childs v Childs*, 69 AD2d 406; *Orr v Orr*, 440 US 268). Mollen, P. J., Hopkins, Damiani, Titone and Shapiro, JJ., concur.

■ GERALDINE DEMPSEY, Respondent-Appellant, v JOHN DEMPSEY, Appellant-Respondent.—In a divorce action, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered April 11, 1979, which (1) granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, (2) awarded her alimony and child support, (3) granted her exclusive possession of the marital home, (4) directed the husband to pay a counsel fee and expenses totaling $1,000 to the wife's present counsel and $500 to her former counsel and (5) failed to award custody of the parties' son to the father. Judgment modified, on the facts, by (1) adding a provision awarding custody of John Dempsey to the defendant and (2) reducing the alimony award to $125 per week. As so modified, judgment affirmed, without costs or disbursements. Since the wife stated that she has no objection to her son remaining with the husband the judgment should be modified accordingly. Further, the award of $175 to the wife for her support was excessive considering the fact that she currently earns $16,000 per annum in her own employment. On the basis of the respective circumstances of the parties the counsel fee award should not be disturbed. We have considered the other points raised by both parties and have found them to be without merit. O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.