■ JULIUS MEHRBERG, Appellant-Respondent, v JUNE G. MEHRBERG, Respondent-Appellant. — In a matrimonial action, the plaintiff husband appeals from so much of a judgment of divorce of the Supreme Court, Richmond County (Sacks, J.), dated April 27, 1981, as directed him to (a) pay maintenance in the amount of $250 per week and child support for the parties' child Pamela in the amount of $150 per week, making a total of $400 per week, and (b) reimburse the defendant wife for moneys borrowed from her in the amount of $32,209.32, and necessities paid for by her in the amount of $44,142.34, making a total of $76,351.66. Defendant cross-appeals from so much of the same judgment as (a) awarded her only $250 per week maintenance and $150 per week as child support for Pamela, (b) failed to award retroactive child support for the parties' child Jill (who was three months under 21 years of age on the effective date of the awards to Pamela and defendant), (c) awarded only $32,209.32 for unpaid loans (defendant claimed $61,989.32), (d) awarded only $44,142.34 for necessities (defendant claimed $154,452.34) and (e) denied her request for a counsel fee. Judgment modified, on the law and the facts, (1) by increasing the amounts specified in the seventh decretal paragraph from $32,209.32 to $38,209.32, and from a total amount of $76,351.66 to $82,351.66 and (2) by deleting the fourth decretal paragraph and substituting a provision denying the defendant wife's application for alimony and/or maintenance. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The parties were married in 1952 and have four children, three of whom are emancipated. The record discloses, *inter alia,* that the wife has approximately $160,000 in savings accounts and $36,000 in securities; that she owns the marital home without a mortgage; that the husband claims the home is worth $450,000 and the wife admits it is worth $200,000; that she has interests in various properties which yield an income of $550 per week; and that her gross income for 1979 was in excess of $57,000. It appears that the husband's gross income for the same period was approximately $35,000. Awarding of alimony is properly determined by balancing such factors as financial status, age, health, necessities and obligations, station in life, length

of the marriage, the conduct of the parties and the wife's ability to be self-supporting (*Kover v Kover,* 29 NY2d 408; *Costello v Costello,* 79 AD2d 968; *Dempsey v Dempsey,* 71 AD2d 940). Here, the wife's income from her properties plus a reasonable yield on her assets should more than cover her expenses. Accordingly, and under all of the circumstances here present, it was inappropriate for Special Term to have awarded maintenance to the wife. It appears also that Special Term erred in its computation of the amount of moneys that the husband borrowed from the wife. The court awarded to the wife the following amounts:

| | |
|---|---|
| Real estate taxes | $12,937.27 |
| April, 1973 loan | 20,000.00 |
| May, 1973 loan | 1,200.00 |
| Stocks purchased | 4,072.05 |
| Totaling the sum of | $38,209.32. |

However, in adding said amounts, the court incorrectly concluded that the total thereof was $32,209.32. The judgment should be modified to correct said error. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.