OPINION OF THE COURT
Bernard E. Stanger, J.
The above-captioned matter is presently on appeal from an order of this court dated July 1,1982, in which the court awarded custody of the infant child of the parties to the petitioner father. The parties are not husband and wife, having never been married, and the petitioner herein previously acknowledged parenthood in Family Court, New York County, and accepted the responsibility for the support of the child.
By notice of motion dated September 16, 1982, counsel for the respondent-appellant moves this court for an order pursuant to subdivision (b) of section 237 of the Domestic Relations Law for an allowance of a counsel fee in the sum of $10,000 to handle the appeal, and a further payment of *1079 $2,628 to cover the cost of the stenographic transcript of the trial in this court. The petitioner-appellee resists this application stating that the court is without jurisdiction to grant such an award, and also that the respondent-appellant is possessed of adequate means to pay for these charges citing the denial of the Appellate Division of her application there for leave to appeal as a poor person.
Subdivision (b) of section 237 of the Domestic Relations Law, upon which the respondent-appellant bases her application for counsel fees and costs of the transcript is, in this court’s opinion, so sufficiently unclear on the subject of appellate coverage as to necessitate an interpretation by this court of what is involved. Moreover, we have found no case squarely on point that can lend guidance or authority on the subject.
This subdivision begins by using the words “annul or modify”, which obviously refers to pre-existing orders or judgments already in force. Additionally, the section confers authority for the payment by a spouse or parent to pay such sum or sums of money for the defense or prosecution of an application affecting custody, visitation or maintenance of a child. In the former instance, we construe this part of the section as a postjudgmental procedure not involving an appeal, such as would be the case where an upward modification of something similar is being sought. In the latter portion of the section, the language clearly refers to an initial application and it is worthy of note that the section requires an application for a counsel fee to be made or reserved prior to the entry of an order in which the proceeding is finally determined. Such was the case in the original proceeding before this court (now on appeal) where application was made for a counsel fee that was granted in a lesser amount than asked for because the court found that the respondent-appellant was possessed of sufficient resources to contribute to this cost.
As noted previously, nowhere in this section is the word “appeal” used to indicate the parameters of the statute. Comparing this with section 438 of the Family Court Act, which relates to counsel fees in support proceedings, the Legislature saw fit to expressly include the words “including an appeal”. The absence of such language in subdivi *1080 sion (b) of section 237 of the Domestic Relations Law clearly indicates that the Legislature did not contemplate allowances for appellate purposes.
In sum, this court holds that subdivision (b) of section 237 of the Domestic Relations Law does not provide for the payment of money in any aspect of an appeal from an order or judgment affecting sections 236 and 240 of the Domestic Relations Law or newly originated applications affecting the same subject matter. The court feels that if the Legislature had intended for such provision, it would have said so, and it is not in the province of this court to introduce into a statute a provision of such magnitude on the assumption that the Legislature probably intended it.
Turning now to the financial picture presented by the appellant, she alleges that she does not have any funds with which to prosecute this appeal. Immediately thereafter, she states that she has paid her attorney $5,000 and expended a further sum of $2,628 for the trial transcript. She makes the somewhat incredible assertion that she borrowed these sums from her employer, from whom she derives a take-home pay of only $10,000 per year.
Appellant did not make application to this court for an allowance for counsel fees and costs of the stenographic record before going forward with her appeal, rather she elected to raise the money independently by borrowing from her employer, to whom she definitely made a commitment to repay the loan. Having made such an election as to method of funding her appeal, this court cannot conclude that, but for an award by this court the appeal will have to be abandoned.
Appellant does not deny that an application to the Appellate Division for leave to appeal as a poor person was not granted. Implicit in that ruling is the finding that she is possessed of sufficient resources to go forward. Such a ruling is tantamount to res judicata on the issue and this court is not disposed to make a contrary determination. The case of Ambro v Ambro (71 AD2d 940) cited by counsel for the appellant is not on point. This case relates to a matrimonial matter within the purview of subdivision (a) of section 237 of the Domestic Relations Law. The Appel *1081 late Division has held subdivision (a) of section 237 does not apply to nonmatrimonial actions and since the parties in the case at bar were never married, this proceeding is obviously not a matrimonial action (see Lambert v Lambert, 45 AD2d 715).
Accordingly, the motion is denied.