## (June 25, 1984)

■ ROBERT I. BAYER, Appellant-Respondent, v AUDREY K. BAYER, Respondent-Appellant. — In a matrimonial action, the plaintiff husband appeals, as limited by his notice of appeal and his brief, from (1) so much of a judgment of the Supreme Court, Nassau County (Balletta, J.), entered May 6, 1983, as awarded the defendant wife custody of the parties' infant daughter, required the plaintiff to pay $325 per week child support, required him to reimburse the defendant in the sum of $10,100 for legal fees previously paid by her and to pay the defendant's counsel the additional sum of $65,000 in installments as and for defendant's attorney's fees, and directed that the parties' 1978 income tax refund be shared equally between them; and (2) so much of an order of the same court, dated July 1, 1983, as directed him to pay the defendant's counsel the sum of $5,000 towards the defendant's legal fees in connection with the instant appeal, and the defendant wife cross-appeals from so much of the judgment entered May 6, 1983, as awarded plaintiff a divorce, dismissed her counterclaim for a divorce, directed the plaintiff to pay only $65,000 to her counsel for her attorney's fees, failed to make the child support award retroactive, and limited said award of child support to $325 per week. ¶ Judgment modified, on the law and in the exercise of discretion, by (1) deleting the third, fourth and fifth decretal paragraphs thereof in their entirety, (2) deleting from the eleventh decretal paragraph thereof the provision awarding defendant's attorneys $65,000 payable in installments and substituting therefor a provision awarding defendant's attorneys $30,000, (3) deleting from the twelfth decretal paragraph thereof the words "said payments to commence on the first Friday after the date of this judgment" and substituting therefor the following "to be paid on the Friday of every week", and (4) adding a new decretal paragraph thereto awarding child support retroactive to October 15, 1979, the date of the defendant wife's application therefor. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings before a different Justice for a hearing on the questions of child custody and visitation in accordance herewith and for an exercise of the court's discretion, pursuant to subdivision 1 of section 240 of the Domestic Relations Law, as to whether the retroactive award of child support should be paid in one lump sum or in periodic payments. In the interim, the provisions of the third, fourth and fifth decretal paragraphs of the judgment relating to custody and visitation shall remain in full force and effect. Plaintiff's time to pay the sum of $30,000 (less any amounts previously paid toward the $65,000 in attorney's fees awarded in the original judgment) is extended until 60 days after service upon him of a copy of the order to be made hereon, with notice of entry. ¶ Order affirmed

insofar as appealed from, without costs or disbursements. ¶ The plaintiff husband asserted many serious allegations of misconduct by the defendant wife concerning her fitness as a custodial parent. The court-appointed psychiatrist interviewed both of the parties and recommended that plaintiff be awarded custody. He concluded that defendant suffers from a personality disorder and would be an unfit custodial parent. Although the court has the right to discount the recommendation of the psychiatrist, we are disturbed that, in this case, where there are such serious allegations of misconduct, there were no other psychiatric evaluations for the court to rely on in making the custody determination. We therefore conclude that it is necessary to have another court-appointed psychiatrist interview both of the parties and their infant daughter for the purposes of rendering a recommendation on the issues of custody and visitation. ¶ Pursuant to section 240 of the Domestic Relations Law, a direction providing defendant with child support for the parties' infant daughter "shall be effective as of the date of the application therefor", which in this instance is October 15, 1979. Plaintiff is, however, entitled to a credit against this retroactive award for the amount he paid in *pendente lite* child support (cf. *Rodgers v Rodgers,* 98 AD2d 386). ¶ We further conclude, based on the circumstances of the case, that the attorney's fees awarded to defense counsel were excessive to the extent indicated. ¶ We have considered the remaining arguments advanced by the parties and find them to be without merit. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.