OPINION OF THE COURT
Herbert B. Ray, J.
Harold E. P. has requested dismissal of Gloria A. P.’s application for an award of counsel fees. He asserts that this court is without authority to entertain such petition absent *1052 referral from the Supreme Court.[1] He is incorrect; this court has such authority.
The recent procedural history indicated that on July 31, 1987, the parties entered into a stipulation which provided a joint legal custody schedule and for a pretrial conference on the issue of counsel fees which was held on September 16, 1987. On August 20, 1987, Gloria A. P. filed two complete affidavits in support of her application for legal fees. Harold P. did not file any affidavits in opposition to the request for counsel fees. However, on September 23, 1987 a memorandum of law was submitted by Mr. P. A responsive brief was submitted on October 20, 1987.[2] Both parties then submitted their responses to the reply letters.
Section 651 of the Family Court Act, entitled "Jurisdiction over habeas corpus proceedings and petitions for custody and visitation of minors”, provides in subdivision (b) that: "[w]hen initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings and proceedings brought by petition and order to show cause, for the determination of the custody or visitation of minors” (emphasis supplied). One such power as possessed by the Supreme Court is the power to award counsel fees as set forth in the Domestic Relations Law.
Section 237 of the Domestic Relations Law specifies that "upon any application by writ of habeas corpus or by petition and order to show cause concerning custody * * * of a child, the court may direct a spouse or parent to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the other spouse or parent as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties”.
Case law supports this analysis. In the 1972 case of Matter of Norman "JJ” v Family & Childrens Serv. (39 AD2d 612), the Supreme Court, Appellate Division of the Third Department on appeal from a custody proceeding initiated in Family Court denied an award of counsel fees because it was not *1053 allowable against a nonparent party. In finding that no such award could be made for that reason, the court implied that such an award was possible, but only as against a parent. In 1977 the Family Court of Rockland County reached the same conclusion as this court does in the case of Matter of Dagaev v Dagaev (90 Misc 2d 962). The 1984 case cited by petitioner, Matter of Sooy v Sooy (101 AD2d 287), awarded counsel fees in a case similar to the one at bar.
In conclusion, the statutory and case law supports a finding that this court has the authority to award counsel fees in the instant case.
When a request for counsel fees is challenged, it is appropriate for the trial court to hpld hearing on the issue. (Johnston v Johnston, 115 AD2d 520 [1985].) Accordingly, it is ordered that hearing on Gloria A. P.’s application for counsel fees is set for the 4th day of January 1988 at 10:30 a.m. Harold P. must file any responsive pleadings and/or affidavits on or before December 21, 1987. Gloria A. P. may file any affidavits/reply pleadings to Harold P.’s reply documents on or before December 31, 1987. The parties will be foreclosed from presenting any evidence as to matters not raised in the pleadings concerning the request for counsel fees.

. It is clear that the Family Court has the power to award counsel fees in a custody proceeding referred to it for a hearing de novo by the Supreme Court. (Matter of Kapzinski v Kapzinski, 30 AD2d 962 [1968].)

. Upon reading of the cases set forth in respondent’s letter brief it is apparent that these cases do not stand for the legal theory for which they are cited or are clearly distinguishable.