OPINION OF THE COURT
Bernard E. Stanger, J.
This court has before it, pending and unresolved, proceedings in which cross petitions have been filed seeking the custody of the child of the marriage of the parties. The parties are still married despite the fact that a separation agreement was entered into between them in the fall of 1984, which agreement suggests that a so-called "no fault” divorce, pursu-
*864 ant to Domestic Relations Law § 170 (6) was in contemplation. The agreement covered custody, visitation and child support, but the present proceeding before us primarily is addressed to custody and visitation of the child, now upwards of four years of age, and the matter is before the court in the course of a trial.
By notice of motion initiated by Christine Lopes, hereinafter referred to as petitioner, returnable November 10, 1987, she has asked this court for counsel fees in the sum of $15,000, plus expenses in the sum of $3,000, to enable her to properly defend the proceeding and defray expenses in connection therewith. The authority for this motion is cited as Domestic Relations Law § 237 (b). The moving papers contain broad allusions to legal work that has been done and remains to be done without any accounting by a time sheet or an explanation as to how the sum of $3,000 for expenses was arrived at. The affidavit of the petitioner does not carry with it a financial data sheet so that this court would be able to determine the condition of her financial circumstances. The court notes in paragraph 5 of her affidavit that petitioner states, "my parents have paid on my behalf, to my attorney sums which have now totalled in the approximate amount of $15,000.00 as and for the defense of this action”. She goes on to add that some unallocated part of this money covers her attorney’s efforts to secure support.
This motion develops at length Domestic Relations Law § 237 (b) as authority for the allowance of a counsel fee to the petitioner, but the motion is opposed by her husband, John Lopes, hereinafter referred to as the respondent, whose opposition is predicated in large part on the need for a full evidentiary hearing on the issue of counsel fees, as well as on the omission of a financial data sheet. There is no question but that if a counsel fee were allowable, such a hearing must be granted to the respondent under the rationale of McCann v Guterl (100 AD2d 577). However, this court must explore at the outset the question of whether a counsel fee under Domestic Relations Law § 237 (b) can be awarded at all.
Counsel fees in the Family Court Act are basically limited to three sections. Section 438 applies to situations where a person must retain counsel to obtain support. Section 536, where counsel fees are specifically allowed in paternity cases, and counsel fee allowances in section 842 (f) covering family offenses. In the same vein, an indigent person may also directly obtain counsel in a number of situations covered by *865 Family Court Act § 262, but this situation is limited to assigned counsel appointments, where the court does not make a determination on the issue of what fee is allowable. This will be referred to at a later point herein. Petitioner, in search of a counsel fee allowance, obviously cannot invoke any relevant part of the Family Court Act and has turned elsewhere for help.
Domestic Relations Law § 237 (b) in part, provides for a counsel fee to a person who has to make an application involving custody and visitation and it is this section that petitioner relies upon for the relief she seeks. These counsel fees are allowable in matrimonial actions which can only be held in the Supreme Court of New York and not the Family Court of New York. Clearly, the application now before this court for custody and visitation is not in any way a part of a matrimonial action, but must be viewed for what it is, namely, a custody proceeding. Accordingly, the question arises whether the language in Domestic Relations Law § 237 (b) can be used as a basis for a counsel fee application in Family Court where no matrimonial action exists in the Supreme Court. It must be noted that at the time this custody proceeding was commenced in Family Court, no matrimonial action between these parties was in existence.
This issue has previously been raised and was resolved by this court in Rockland County in Matter of Dagaev v Dagaev (90 Misc 2d 962) in the year 1977. In that case, the court ruled that Domestic Relations Law § 237 (b) permitted an award of counsel fees. The rationale was that Family Court Act § 651 which states in part "the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers * * * proceedings brought by petition and order to show cause, for the determination of the custody * * * of minors”, conferred upon this court the same authority that the Supreme Court had to render a counsel fee award. At first blush, it would seem that petitioner can invoke Domestic Relations Law § 237 (b) independently in this court for a counsel fee, notwithstanding the fact as mentioned above, no specific provision for counsel fees is provided for this purpose in the Family Court Act.
In the Dagaev case (supra), of the cases cited, Matter of Stone v Chip (68 Misc 2d 134) does not appear to be authority for utilizing the rationale that section 651 of the Family Court Act authorizes counsel fees as is allowable in Supreme Court under Domestic Relations Law § 237 (b). The other case cited *866 therein (Matter of Kapzynski v Kapzynski, 30 AD2d 962, 962-963) states "it is clear the Family Court must also have power to award counsel fees in a custody proceeding referred to it, for a hearing de novo, by the Supreme Court.” (Emphasis added.)
It is interesting to note that in the Practice Commentary following Domestic Relations Law § 237, the author notes "Where an action or proceeding is not one expressly included in DRL § 237, no award of counsel fees may be made thereunder. Actions which do not qualify are often referred to as non-matrimonial actions.” (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, C237:2, at 505.) A number of Appellate Division cases, from the Second Department, spell out the need for a matrimonial action to exist as a condition of a counsel fee award. In Donnarumma v Donnarumma (72 AD2d 545), the court stated that counsel fees under Domestic Relations Law § 237 may only be awarded in a matrimonial action. In Lambert v Lambert (45 AD2d 715), the court held that there was no statutory authority under Domestic Relations Law § 237 to award a counsel fee and printing expenses upon a nonmatrimonial cause of action. The same ruling is to be found in Weseley v Weseley (58 AD2d 829, 830; see also, Osetek v Osetek, 75 AD2d 867, 869). Finally, this court (Fam Ct, Rockland County) in Fontaine v Smielak (115 Misc 2d 1078) has also ruled that Domestic Relations Law § 237 does not apply to nonmatrimonial actions. In that situation the parties had never been married.
As mentioned earlier, the Dagaev matter (90 Misc 2d 962, supra) made reference to Family Court Act § 262 as a second and alternative means for a litigant to obtain financing for legal representation. There is no question but that Family Court Act § 262 (a) (v) allows a party in a custody matter to seek assigned counsel. This, however, is not persuasive authority for a counsel fee award since counsel fee applications involve attorneys selected by litigants, whereas assigned counsel is limited to attorneys on a panel approved by the court, who must accept the fees promulgated by the Appellate Division. This court cannot, therefore, accept the rationale that the assigned counsel plan constitutes any supplemental basis for allowing a counsel fee in the present matter before the bar. An examination of the file in this court in Matter of Dagaev v Dagaev (supra) shows that the petitioner in that case had been divorced in the Supreme Court of Rockland County *867 in 1976, so that there was a matrimonial action underlying the counsel fee application which invoked Domestic Relations Law § 237 (b). Since the Supreme Court may only award counsel fees under Domestic Relations Law § 237 where a matrimonial action exists or in a derivative proceeding flowing from a matrimonial action, it seems to us that the Family Court is bound by the same parameters and cannot enlarge upon the applicability of the section to make rulings which the Supreme Court itself may not make.
Accordingly, this court rules on this motion for counsel fees and expenses that there is no authority in the present proceeding for such allowances pursuant to Domestic Relations Law § 237 (b) since there is no matrimonial action involved. The petitioner, Christine Lopes, who admittedly had some limited resources, did not make application to this court for assigned counsel. The fact that the respondent supervises the assigned counsel plan may have deterred her from making application for this type of assistance, in view of the fact that the selection of such counsel would normally be made by him. Notwithstanding this somewhat awkward situation, there is no indication that petitioner sought such assistance, and she does not mention this possibility as a reason for having chosen private counsel. It is also entirely possible that an examination of her assets and resources may have precluded her from receiving such assistance, but the fact that she did not make such application and elected to borrow substantial sums of money from her parents so that she could use an attorney of her own choosing, precludes her in the judgment of this court from seeking even this form of financial assistance. The motion is denied.