OPINION OF THE COURT
Ralph A. Beisner, J.
This divorce action was tried before this court with respect to the issues of equitable distribution and maintenance. Prior to trial, the court granted the parties’ motion to amend their pleadings and, based on the sufficiency of the allegations therein, the respective motions of plaintiff and defendant for a divorce on the grounds of cruel and inhuman treatment (Domestic Relations Law § 170 [1]) are granted.
Remaining at issue are the distribution of the remainder of the parties’ assets, the status of a $17,000 debt incurred by the husband in June 1986, and the wife’s claim for maintenance.
*427 In 1986, Domestic Relations Law § 236 (B) (6) was amended to provide that the court may order maintenance "in such amount as justice requires, having regard for the standard of living of the parties established during the marriage, whether the party in whose favor maintenance is granted lacks sufficient property and income to provide for his or her reasonable needs and whether the other party has sufficient property or income to provide for the reasonable needs of the other, and the circumstances of the case and of the respective parties.” (Italics supplied.) This amendment adds the "standard of living of the parties established during the marriage” to the "reasonable needs” of the party seeking maintenance as the test to be used by the court in determining whether maintenance should be granted. The defendant argues that the amendment requires that, to the extent the couple cannot support two separate households at the former marital standard of living, the decrease should be equally proportioned. This court does not agree.
The statute requires only that the standard of living be considered on the issue of maintenance. Under the circumstances of the parties herein, if the statute had not been amended and the "reasonable needs” test were still in effect, the defendant would not be entitled to maintenance, since her income, as well as the income she will realize upon the distribution of property, is sufficient to provide for her reasonable needs. Since the court must now consider the standard of living enjoyed by the parties during the marriage (Domestic Relations Law § 236 [B] [6]) which in this case was a standard made possible by a combined income of approximately $100,000 per year, the court deems an award of maintenance to be appropriate. This does not mean, however, that since the husband’s income is approximately $75,000 per year and the wife’s income is approximately $35,000 per year, the maintenance award must be determined in such a manner as to provide both parties with the same income after dissolution of the marriage.
The wife’s position with respect to maintenance is consistent with the view she held with respect to marital funds throughout the marriage. It is apparent from the testimony that the wife considered the husband’s income to be theirs and her income to be her own.
Domestic Relations Law § 236 (B) (6) sets out 11 factors which the court shall consider in determining the amount of *428 maintenance. The court notes that the former factor (6), "the standard of living established during the marriage where practical and relevant” (Domestic Relations Law § 236 [B] [6] [а] [former (6)]) was deleted by the 1986 amendment. In determining the amount of maintenance, the court has considered the factors set forth in Domestic Relations Law § 236 (B) (б) . The respective incomes of the parties have already been noted, and the marital property, consisting mainly of IBM stock and the marital residence, has been divided equally. This is a relatively long marriage, but both of the parties are in their early 40’s and gainfully employed. Both parties are presently earning substantial, though unequal, incomes and there is nothing in the record to indicate that their earning capacity will decrease in the future. The wife’s present income permits her to be self-supporting.
During the marriage, the wife earned an Associate’s degree and was employed throughout most of the marriage. Through this employment, she contributed to the marriage not only as a wage earner but as homemaker and spouse, and the husband was also afforded the opportunity to complete his education, earning a Bachelor’s degree while attending to his domestic responsibilities. The parties’ emancipated 18-year-old daughter is presently residing with the wife. Apart from a lifestyle which consumed virtually all of the parties’ disposable income, the court finds that there has been no wasteful dissipation of marital property by either spouse.
Considering the 1986 amendment of Domestic Relations Law § 236 (B) (6) the court concludes that the defendant is entitled to maintenance of $100 per week for five years in the interests of justice. This is particularly so in view of the standard of living enjoyed by these litigants while married.
[Portions of opinion omitted for purposes of publication.]