■ YVONNE LOUISE, Respondent-Appellant, v CHARLES LOUISE, Appellant-Respondent.—Judgment insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff and defendant married in 1962 and, during their 23-year marriage, were employed as teachers, except for a 10-year period when plaintiff stayed home to raise their children. At the time of trial, defendant was receiving a gross salary of approximately $40,000, and plaintiff was receiving a salary of $28,000. The uncontroverted evidence indicated that, if plaintiff had remained in teaching throughout the marriage, the salaries would have been approximately the same. In

awarding maintenance to plaintiff, Supreme Court noted that the parties' difference in income was traceable to the 10-year hiatus in plaintiff's teaching career and that "the adjustment in the standard of living of these parties to achieve some parity (after a long-term marriage) can only be achieved by an award of maintenance that will result in comparable incomes." We disagree. The record does not support an award of maintenance.

Subdivision (6) of section 236 (B) of the Domestic Relations Law, as amended in 1986 (L 1986, ch 884), authorizes an award of maintenance in such amount as justice requires, having regard for the preseparation standard of living of the parties and their relative need and ability to pay. Subdivision (6) requires the court to consider 11 factors in deciding whether to award maintenance and to set forth the factors it considered and the reasons for its determination in its decision. The subject decision does not include a reasoned consideration of the statutory factors, and the court's determination is not supported by the record. Plaintiff did not submit a statement of net worth (see, 22 NYCRR 202.16 [g]), and no evidence was proffered regarding her expenses before or after the separation of the parties. Plaintiff testified that she has been unable to maintain her preseparation standard of living. There is, however, no evidence that her present standard of living is materially different from her standard of living during the marriage. Plaintiff acknowledged that, since the separation, she has purchased a duplex dwelling as income property and purchased a newer car. She has approximately $350 withheld biweekly from her salary to pay for an annuity, was sending her son approximately $200 a month for his college living expenses (a burden she no longer has), and splits her living and entertainment expenses with a live-in companion. Her only unpaid bills are the loan account for the car and the mortgage for the income property. Moreover, maintaining the same standard of living as during the marriage does not require that each party has the same income (see, Koffroth v Koffroth, 138 Misc 2d 426, 427). Plaintiff is presently employed and self-supporting, and will possess an earning capacity well into the future. She received a substantial distribution of marital property, and the remaining minor child of the parties resides with defendant. Under the circumstances, an award of maintenance is not warranted.

The court based its award of child support to defendant upon the fact that, by virtue of the award of maintenance, the parties would have the same income. Because we delete the

maintenance award, the amount of child support should be reduced. Relying primarily upon the fact that defendant has greater financial resources, we fix the amount of child support at $20 per week, and direct that the payments commence on the date defendant applied for child support in his amended answer, March 15, 1985 *(see, Bayer v Bayer,* 102 AD2d 879).

We also conclude that Supreme Court properly exercised its discretion in denying plaintiff's request for counsel fees and in denying defendant's request that plaintiff contribute toward the educational costs of their daughter. Plaintiff failed to submit the necessary documentation *(see,* 22 NYCRR 202.16 [g]; *Osborn v Osborn,* 144 AD2d 350) or demonstrate that she could not pay the expenses of her attorney *(see, Mullin v Mullin,* 144 AD2d 1020). As between the parties, plaintiff paid for most of the college living expenses for the eldest son while defendant paid for most of the daughter's expenses. Defendant has the greater income and requiring him to assume the greater burden with respect to his daughter's education did not amount to an abuse of discretion. (Appeals from judgment of Supreme Court, Erie County, Sedita, J.—maintenance and child support.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.