■ ROSEMARIE MCCARTHY, Respondent, v JOHN S. MCCARTHY, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs and cross motion denied. Memorandum: In general, counsel fees pendente lite should be denied where the applicant possesses sufficient assets to pay counsel *(see, Louise v Louise,* 156 AD2d 937; *Mullin v Mullin,* 144 AD2d 1020, *lv denied* 74 NY2d 604; *Anonymous v Anonymous,* 120 AD2d 983, *appeal dismissed* 68 NY2d 808; *Drabek v Drabek,* 92 AD2d 722; *Freid v Freid,* 23 AD2d 549). In awarding counsel fees, the court should consider the distribution of the marital property *(see, Parsons v Parsons,* 101 AD2d 1017, 1018). Here, if plaintiff succeeds in setting aside or limiting the effect of the antenuptial agreement, she may receive a substantial award of marital property. Because plaintiff has a bank account of over $70,000 with which to pay her own attorney's fees and because, if she succeeds at trial, she may be entitled to a substantial distributive award, it is premature to award counsel fees at this time. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Counsel Fees.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.