■ ALAN R. GARGES, Respondent, v CAROL A. GARGES, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Coutant, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 16, 1989 in Broome County, upon a decision of the court.

Plaintiff and defendant were married on July 10, 1983. The marriage produced no children. Plaintiff commenced this action for divorce in July 1988 and the matter came on for a nonjury trial in July and August 1989, following which Supreme Court granted the parties dual divorces and identified, valued and distributed the marital property, awarded defendant maintenance in the amount of $100 per week for a period of six months and $75 per week for an additional six months thereafter, and denied defendant's request for an award of counsel fees. Defendant appeals.

Initially, we reject the contention that Supreme Court erred in its valuation of the marital residence. The property, consisting of a four-bedroom ranch home with detached barn, pool,

tennis courts and approximately 29 acres of land, was variously appraised at $260,000 in November 1988, $325,000 in January 1989, $235,000 in July 1989 and $360,000 in August 1989. In valuing the property at $275,000 as of the date of commencement of the action and the time of trial, Supreme Court acted well within its discretion to accept or reject any of the valuations and to decide how much weight to attribute to each (see, Hoyt v Hoyt, 166 AD2d 800, 801-802; Oswald v Oswald, 154 AD2d 817, 818-819; Ducharme v Ducharme, 145 AD2d 737, 739, lv denied 73 NY2d 708). Supreme Court justified its rejection of the appraisals "at the higher end of the scale" by citing to the property's "unique and limited market". The case of Amodio v Amodio (70 NY2d 5), which involved the valuation of stock in a closely held corporation which was subject to a buy-sell agreement and had no market value, does not support the argument that Supreme Court erred in undervaluing the property because of its limited marketability. Nor did Supreme Court err in permitting plaintiff to purchase defendant's interest in the marital residence as an alternative to the sale of the property. Notably, defendant has expressed no interest in retaining the property.

We also reject the contention that Supreme Court erred in failing to award defendant a share of the appreciation of the Westchester County residence that plaintiff owned with his prior wife and which was sold a mere five months following the parties' marriage. Exercising its broad discretion to resolve conflicting evidence with credibility determinations (see, Guarnier v Guarnier, 155 AD2d 744, 745), Supreme Court rejected defendant's testimony concerning the scope of the improvements she made to the property and determined that its appreciation was not due to defendant's efforts (see, Price v Price, 69 NY2d 8, 18). Rather, finding that defendant's labors in wallpapering, painting and decorating were merely cosmetic in nature, Supreme Court compensated her with a $2,000 award. Similarly, Supreme Court rejected defendant's claim that she invested $5,000 in the purchase of this property. Rather, crediting plaintiff's testimony, it determined the contribution to have been a loan which plaintiff repaid.

Nor do we agree that Supreme Court erred in its award of maintenance or in its denial of counsel fees. Considering all of the applicable statutory factors (see, Domestic Relations Law § 236 [B] [6] [a] [1]-[11]) and the testimony of the sales manager of the real estate agency that employed defendant at the time of the trial, Supreme Court made a reasoned determination that defendant, an experienced real estate broker, would be

capable of supporting herself by the end of one year *(see, Culnan v Culnan,* 142 AD2d 805, 807, *lv dismissed* 73 NY2d 994). Further, in view of the distribution to defendant of some $95,000 in marital assets, Supreme Court did not abuse its discretion in requiring defendant to pay her own counsel fees *(see, De Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Walsh v Walsh,* 92 AD2d 345, 347).

We also reject defendant's contention that Supreme Court erred in its distribution of the "IDS Cash Management Fund", an asset owned by defendant at the time of the parties' marriage. Exhibit TT is a statement of account No. 0213-2583,500-3 in the name of defendant for the calendar year 1983, showing a July 1, 1983 balance of $13,580.40. It is uncontroverted that $7,000 was withdrawn from this account and invested in the marital residence, for which defendant received a separate credit. Supreme Court properly distributed the approximately $6,500 balance of the account to defendant as her separate property. Exhibit V is a statement of account No. 0413-2620,450-4 in the name of plaintiff as trustee for defendant, showing an account balance of $3,176.24 as of July 6, 1988. Although by no means clear, it appears that the two accounts are the same, as apparently determined by Supreme Court, with the account number having changed at the time of the transfer of ownership in December 1984 or January 1985. Accordingly, there was no basis for a separate distribution of $3,176.24 to defendant. Further, we find no error in Supreme Court's determination to make no separate award for appreciation of the cash management fund in view of the frequent deposits and withdrawals and resulting limited increase in valuation.

There is merit, however, to the contention that Supreme Court failed to provide for the distribution of some of the parties' other property. Plaintiff concedes that no determination has been made concerning a $4,000 loan paid or payable by defendant's brother and a $4,000 individual retirement account for 1983 and 1984. Further, our review of the record confirms that Supreme Court failed to make an express determination concerning the $3,759.71 "Alliance Insured Account" and that, contrary to Supreme Court's $6,500 valuation, plaintiff had agreed to restore the "IDS Growth Fund" to its original $7,200 level. The matter must therefore be remitted to Supreme Court for the sole purpose of determining whether each of these assets is separate or marital property, fixing its value and making a distribution thereof.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., con-

cur. Ordered that the judgment is modified, on the law, without costs, by remitting the matter to the Supreme Court for further proceedings not inconsistent with this court's decision and, as so modified, affirmed.