■ STEWART G. RICHARDS, Appellant, v SALLY RICHARDS, Respondent.—Mahoney, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Benson, J.), entered April 19, 1991 in Dutchess County, which granted defendant's motion for counsel fees, and (2) from an order of said court, entered July 1, 1991 in Dutchess County, which, upon reconsideration, adhered to its prior decision.

The parties to this matrimonial action were married in 1981 and have three minor children. In March 1987 plaintiff commenced an action for divorce. Following joinder of issue, defendant moved for pendente lite relief which included a request for counsel fees. Supreme Court awarded defendant $1,000 in counsel fees with leave to reapply for additional fees as may be appropriate in the future. Thereafter, plaintiff was granted a judgment of divorce. Entry thereof was postponed, however, pending resolution of issues of equitable distribution, custody and child support.

During the 1989 hearing regarding equitable distribution, defendant requested and was granted leave to apply for additional counsel fees. By agreement of the parties, application was to be by way of the submission of affidavits. In her subsequent application, defendant requested compensation for a total of $62,462.65 in counsel fees, part of which included compensation for time spent by defense counsel in Family Court on matters relating to custody and child support. Supreme Court ruled on the counsel fee request prior to rendering decision on the subject of property distribution. It reduced

the fee request to $45,000 and directed plaintiff to pay $32,500 thereof. Plaintiff filed a notice of appeal from this order and also moved in Supreme Court for reconsideration. Upon reconsideration, the court adhered to its prior decision. Plaintiff appealed from this order as well and the matters have been consolidated for disposition.*

It is well established that the award of counsel fees in a matrimonial action is committed to the discretion of the nisi prius court (see, e.g., DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Levine v Levine, 179 AD2d 625, 626). In making this determination, the court is to take into consideration the "financial circumstances of both parties together with all the other circumstances of the case" including the relative merit of the parties' positions (DeCabrera v Cabrera-Rosete, supra, at 881). One of the financial circumstances to be considered is the nature of the marital property distribution (see, e.g., McCarthy v McCarthy, 172 AD2d 1040). This is especially so in cases such as the one at bar which involve posttrial applications (see, Fomenko v Fomenko, 50 AD2d 712, 713, appeal dismissed 38 NY2d 999). So integral is this factor that appellate courts have held counsel fee awards inappropriate when, as a result of a distributive award, the spouse seeking counsel fees had sufficient funds to pay his or her own attorney (see, Garges v Garges, 175 AD2d 511, 513; McCarthy v McCarthy, supra; see generally, 2 Foster, Freed and Brandes, Law and the Family § 3:52, at 469 [2d ed]).

In view of the fact that the instant counsel fee application was made at a time when the case ostensibly was complete (matters relating to child custody and support had been resolved and a trial on issues of equitable distribution had been conducted) and the only remaining unfinished business was the rendering of an equitable distribution decision by Supreme Court, the more provident course of action would have been to delay determination of the counsel fee application until issuance of the equitable distribution decision. This would have permitted the court to take into account the necessary factor of marital property distribution in making its counsel fee award (cf., McCarthy v McCarthy, supra). By addressing the counsel fee application first and giving absolutely no consideration to the then-pending equitable distribution aspects, the court effectively eliminated this factor from consideration.

---

* Supreme Court's equitable distribution award was issued approximately three months after it ruled on the reconsideration request. Among other things, defendant received a $46,093.92 distributive award.

Such was error *(cf., Garges v Garges, supra; Morton v Morton,* 130 AD2d 558, 560). Moreover, in view of the relatively large distributive award defendant received, it cannot be said that this error is of no consequence.

Plaintiff's remaining contentions have been reviewed and found to be without merit. We note in particular that because Supreme Court expressly referred matters of custody and child support to Family Court, thus making that proceeding necessary, and Family Court in turn referred defendant's counsel fee application to Supreme Court, fees attributable to defense counsel's work in Family Court were properly considered by Supreme Court as part of the overall counsel fee award *(cf.,* Domestic Relations Law § 237 [b]; *Lopes v Lopes,* 137 Misc 2d 863, 865-867).

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.