■ DOMENICO COLONNA, Respondent, v DOLORES COLONNA, Appellant. [617 NYS2d 820] —In an action for a divorce and ancillary relief, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Braatz, J.), dated August 19, 1992, as, after a

nonjury trial, dismissed the equitable distribution portion of the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Putnam County, for a determination of equitable distribution, arrears, and counsel fees in accordance herewith.

During the equitable distribution phase of the parties' divorce trial, the court heard testimony concerning the economic aspects of the marriage, including real estate holdings, business interests, and the various services and loans associated therewith. On several occasions, the court advised the defense counsel that, after the close of trial, defense counsel was to furnish the court with a complete transcript of the proceeding and with legal memoranda to aid it in determining equitable distribution. A partial transcript was thereafter supplied to the court, because the defense counsel apparently experienced some difficulty in obtaining the complete transcript from the court reporter. The defense counsel further promised the court that the remaining portion of the transcript would be forthcoming. However, the court dismissed the equitable distribution portion of the action based upon what it considered to be the dilatory conduct of defense counsel.

The Supreme Court improvidently exercised its discretion in dismissing the equitable distribution portion of the action under the circumstances presented. Domestic Relations Law § 236 (B) (5) (a) expressly provides that the court "shall" determine the rights of the parties in separate and marital property, and it is well settled that trial courts do not have the discretion to refuse to distribute marital property (see, Harrell v Harrell, 120 AD2d 565). Accordingly, we remit the matter to the trial court for a determination of this issue. On remittitur, the court should also determine the amount of any arrears, inter alia, in mortgage payments, which the plaintiff former husband is obligated to pay (see, Domestic Relations Law § 244), as well as whether an award of counsel fees is appropriate (see, Domestic Relations Law § 237; Richards v Richards, 189 AD2d 1025). Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.