■ KURT FILKINS, Appellant, v MARY LOU FILKINS, Respondent. (Appeal No. 2.) [755 NYS2d 682] —Appeal from an order of Supreme Court, Onondaga County (Paris, J.), entered October 29, 2001, which, inter alia, equitably distributed the parties' marital property.

■ KURT FILKINS, Appellant, v MARY LOU FILKINS, Respondent. (Appeal No. 3.) [757 NYS2d 665] —Appeal from a judgment of Supreme Court, Onondaga County (Paris, J.), entered November 19, 2001, which awarded defendant the sum of $152,381.22 with interest from the Charles Schwab account.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as modified the judgment is affirmed without costs in accordance with the following memorandum: The parties were married in September 1995, and plaintiff commenced this divorce action just under four years later, in July 1999. A nonjury trial was held in November 2000. Supreme Court properly determined that the parties' antenuptial agreement was invalid because it was not properly acknowledged. An agreement properly acknowledged pursuant to Domestic Relations Law § 236 (B) (3) must be acknowledged "in the manner required to entitle a deed to be recorded." Thus, there must be an oral acknowledgment before an authorized officer, and a written certificate of acknowledgment must be attached to the agreement (*see Matisoff v Dobi*, 90 NY2d 127, 137 [1997], citing Real Property Law §§ 291, 306). It is undisputed that no written certificate of acknowledgment was attached when the parties entered into the agreement in 1995. Furthermore, plaintiff's attempt to cure the defect by having the agreement notarized

and filed after commencement of this divorce action fails because the agreement was never reacknowledged in compliance with Domestic Relations Law § 236 (B) (3) (*see Arizin v Covello,* 175 Misc 2d 453, 457 [1998]).

We agree with plaintiff that the court erred in valuing the Charles Schwab account at the time of commencement of the action rather than at the time of trial (*see Heine v Heine,* 176 AD2d 77, 87 [1992], *lv denied* 80 NY2d 753 [1992]; *see also Murphy v Murphy,* 193 AD2d 1068, 1069 [1993]). Due to market forces, the value of the account was drastically reduced from the time of commencement of the action until the time of trial. We therefore modify the order in appeal No. 2 and the judgments in appeal Nos. 3 and 4 by valuing the Charles Schwab account at the time of trial in the amount of $267,635.66 and awarding defendant a distributive award of 50% of the balance after deducting plaintiff's separate property of $150,000.

We further agree with plaintiff that, because defendant has sufficient funds to pay her own counsel fees as a result of the distributive award, the court erred in awarding her counsel fees in the amount of $10,000 plus disbursements (*see McCarthy v McCarthy,* 172 AD2d 1040 [1991]; *see also Richards v Richards,* 189 AD2d 1025, 1026-1027 [1993]). We therefore further modify the order in appeal No. 2 and the judgment in appeal No. 4 by vacating that award, and we vacate the statement for judgment in appeal No. 5.

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.