■ MICHAEL J. REEHILL, JR., Appellant-Respondent, v MARIE C. REEHILL, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered May 8, 1990, as granted the defendant wife's motion for an award of counsel fees, and the defendant wife cross appeals from so much of the same order as limited her award of counsel fees to $5,500.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the contention of the plaintiff husband, the Supreme Court did not err in awarding counsel fees to the defendant wife without conducting an evidentiary hearing. The record discloses that the parties stipulated that the issue of counsel fees was to be decided on the submission of papers, and the submitted documents were sufficient to permit a proper determination of the wife's entitlement to an award of

counsel fees *(see, Wolfer v Wolfer,* 176 AD2d 315; *Lancaster v Lancaster,* 141 AD2d 701; *Choy v Choy,* 137 AD2d 784; *Melone v Melone,* 113 AD2d 745; *Olsan v Olsan,* 100 AD2d 776). Moreover, in view of the respective financial positions of the parties, it cannot be said that the Supreme Court improvidently exercised its discretion in requiring the husband to pay $5,500 of the legal expenses incurred by the wife in defending this action *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Brancoveanu v Brancoveanu,* 177 AD2d 614; *Hackett v Hackett,* 147 AD2d 611). Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.