■ In the Matter of ELIZABETH M. KRIETE, on Behalf of EVELYN KRIETE, Respondent, v JEFFREY KRIETE, Appellant. [599 NYS2d 1003] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Abrams, J.), dated December 20, 1990, as denied, without a hearing, his motion to vacate so much of an order of the same court (DeMaro, J.), dated September 14, 1989, as granted the mother's application for attorneys' fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

After learning that his trial counsel had a prior personal relationship with the Family Court Judge presiding over this custody proceeding, the father moved, *inter alia,* to vacate the award of counsel fees to the mother. The matter was reassigned to a new Judge who reviewed the counsel fee application de novo without a hearing and determined that the award was reasonable. We affirm.

The record in this case indicates that the father waived his right to an evidentiary hearing on the issue of counsel fees, since the case was set down for a conference to determine whether the parties would stipulate to a determination on papers or to set an appropriate date for a hearing, and no demand for a hearing was made *(see, Reehill v Reehill,* 181 AD2d 725; *Mancuso v Mancuso,* 178 AD2d 584). We further find that there was sufficient evidence in the record for the newly assigned Judge to make a proper determination of the mother's entitlement to the counsel fee award *(see, Reehill v Reehill, supra; Wolfer v Wolfer,* 176 AD2d 315). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.