■ DARLENE FEENEY, Respondent-Appellant, v EDWARD FEENEY, Appellant-Respondent. [661 NYS2d 26] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Kings County (Jackson, J.), dated June 25, 1995, which, *inter alia,* (1) granted the wife a divorce on the grounds of cruel and inhuman treatment, (2) directed the husband to pay the wife a distributive award of $52,311.81, and (3) awarded the wife attorneys' fees in the sum of $15,000; and the plaintiff wife crossappeals from stated portions of the same judgment which, *inter alia,* (1) granted her only 20% of the marital assets, and (2) awarded her only a portion of her counsel fees.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties were married in June 1988. The plaintiff left the marital residence in March 1992 and commenced this action in March 1994 seeking a divorce on the ground of cruel and inhuman treatment, and equitable distribution of the marital property.

A plaintiff seeking a divorce pursuant to Domestic Relations Law § 170 (1) "must show serious misconduct, and not mere incompatibility" *(Brady v Brady,* 64 NY2d 339, 343). The conduct complained of must constitute calculated cruelty so as to render cohabitation unsafe or improper *(see, Martin v Martin,* 224 AD2d 597, 598; *Hirschhorn v Hirschhorn,* 194 AD2d 768). Here, the plaintiff's testimony regarding the defendant's abusive conduct towards her when he returned home late in the evening, the defendant forcing her to flee the marital residence on several occasions, and the resulting anxiety and depression she suffered, sufficiently established a reasonable apprehension of violence or conduct of such a character that seriously affected her health and threatened to permanently impair it *(cf., Rios v Rios,* 34 AD2d 325, *affd* 29 NY2d 840; *Meyn v Meyn,* 119 AD2d 644).

The court's distribution of 80% of the marital property to the

defendant and 20% to the plaintiff was proper. Moreover, the court's award to the plaintiff of only a portion of her counsel fees was not an improvident exercise of discretion *(see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881).

The parties' remaining contentions are without merit. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.