■ ISABELLA O. TAYAR, Respondent-Appellant, v MAJED E. TAYAR, Appellant-Respondent. [673 NYS2d 179] —In an action for a divorce and ancillary relief, the defendant husband appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Harkavy, J.), dated April 14, 1997, as (a) awarded him the proceeds from the sale of certain real property without deducting therefrom the amount of a first mortgage on that property, and (b) awarded the wife counsel fees in the sum of $33,000, and (2) from an order of the same court, also dated April 14, 1997, which directed him to pay the award of counsel fees to the wife's attorney, and the wife cross-appeals, as limited by her brief, from so much of the same judgment as (a) allegedly failed to enforce two orders of preclusion against the husband, (b) valued the husband's painting and contracting business at $65,000, (c) denied her a distributive award representing half the net rental income from the marital real properties, plus statutory interest thereon, (d) failed to award her interest on the proceeds from the sale of the real property against which the husband claims a right to deduct the amount of the outstanding mortgage, (e) failed to treat as marital property certain real property to which the parties' son held title, and (f) denied her an award of counsel fees in the full amount of the unpaid balance due.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff wife's contentions, the preclusion orders did not require the court to accept her expert's valuation of Tayar Painting & Contracting. There is no uniform rule for fixing the value of a going business for equitable distribution purposes, and valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony (*see, Burns v Burns*, 84 NY2d 369, 375; *Dempster v Dempster*, 236 AD2d 582). The determination of a fact finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where the valuation rested primarily on the credibility of expert witnesses and their valuation techniques (*see, Dempster v Dempster, supra*). Here, the trial court did not improvidently exercise its

discretion in finding the valuation of the plaintiff wife's expert too speculative and in making its own determination instead.

The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate (*see*, Domestic Relations Law § 237 [a]; *Linda R. v Richard E.*, 176 AD2d 312, 313). Here, the trial court properly exercised its discretion in directing the husband to pay the wife a substantial part of her reasonable counsel fees (*see, De-Cabrera v Cabrera-Rosete*, 70 NY2d 879).

The parties' remaining contentions are without merit. Santucci, J. P., Joy, Florio and McGinity, JJ., concur.