■ MARK S. MITZNER, Appellant-Respondent, v SHELLEY D. MITZNER, Respondent-Appellant. [706 NYS2d 901] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), entered December 15, 1998, which granted the application of the defendant wife for an award of an attorney's fee and an expert's fee in the sums of $220,000 and $8,000, respectively, and directed him to pay the attorney's fee in four installments, and the defendant wife cross-appeals, as limited by her brief, on the ground of inadequacy, from so much of the same order as awarded her only the sum of·$228,000.

Ordered that on the Court's own motion the notices of appeal are treated as applications for leave to appeal and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is modified by adding thereto a provision directing that the husband pay interest at the statutory rate on each installment of the award for an attorney's fee from December 15, 1998, to the date of payment of each installment; as so modified, the order is affirmed, without costs or disbursements.

It is well settled that the award of a reasonable attorney's fee is a matter within the sound discretion of the trial court (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879; Morrissey v Morrissey, 259 AD2d 472; Lee v Oi Wa Chan, 245 AD2d 270). Contrary to the contentions of both parties, the trial court providently exercised its discretion in directing the husband to pay a portion of the wife's attorney's and expert witness fees (see, Tayar v Tayar, 250 AD2d 757; Feeney v Feeney, 241 AD2d 510; Maher v Maher, 196 AD2d 530; Reehill v Reehill, 181 AD2d 725).

The issue of whether it was proper for the Supreme Court to allow the husband to pay the award for an attorney's fee in installments is academic in light of the fact that the period for making the installment payments has expired. Under the circumstances, however, the Supreme Court should have directed the husband to pay interest on each of the installments (see, Morrongiello v Paulsen, 195 AD2d 594). Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.