■ IDALYNN MCDONALD, Appellant, v KEVIN MCDONALD, Respondent. [713 NYS2d 379] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from a judgment entered in this divorce action, awarding her, *inter alia,* that portion of defendant's sports memorabilia collection produced by defendant in response to plaintiff's demand to produce, and awarding defendant that portion of the collection that he failed to produce, although the items awarded to defendant were not identified by Supreme Court.

The court granted plaintiff's motion seeking to preclude defendant from offering expert testimony with respect to the value of his memorabilia collection based on his failure to produce the entire collection for plaintiff's inspection and his failure to respond to interrogatories regarding items of the collection that plaintiff alleged were not produced. With respect to items allegedly not produced, the court further permitted plaintiff's expert to value those items based on plaintiff's description of them. At the trial before a Special Referee, defendant was permitted to testify, over plaintiff's objection, with respect to the opinions offered by plaintiff's expert and the market conditions for certain items. That was error (*cf., Pearl v Pearl,* 266 AD2d 366). Although we disagree with plaintiff

that the court was required to credit her expert's testimony with respect to the value of the collection (*see, Tayar v Tayar,* 250 AD2d 757), we conclude that the court failed to distribute the collection in an equitable manner (*see,* Domestic Relations Law § 236 [B] [5] [c]). The court determined that "substantial amounts of the collection are unaccounted for", but it failed to determine which items were withheld by defendant and thus failed to "determine the respective rights of the parties in their * * * marital property" (Domestic Relations Law § 236 [B] [5] [a]).

Although the court did not address this issue in its decision, defendant testified that, after the items he produced were viewed by plaintiff's expert, the basement in which the boxes were stored was flooded. Defendant did not know the extent of the damage to the items, yet the court awarded those items to plaintiff. We therefore modify the judgment by deleting the provisions of the 17th decretal paragraph that distribute the "sports memorabilia collection", and we remit the matter to Supreme Court for a hearing to determine what items from the collection defendant possessed at the commencement of the action and failed to produce and to assign a value to all items as of the time of the hearing. The court should then distribute the identified items to the parties or otherwise make a distributive award with respect to the collection (*see,* Domestic Relations Law § 236 [B] [5] [c], [e]; *Tayar v Tayar, supra*) without considering the testimony of defendant concerning valuation and market conditions or his opinion with respect to the testimony of any expert called by plaintiff on this issue. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Matrimonial.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.