■ CONSTANTINE BAKAS et al., Appellants, v CATHERINE OHLANDT, INC., Respondent. [760 NYS2d 858] —In a hybrid action for a judgment declaring a certain contract between the parties unenforceable as against public policy and a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), entered July 5, 2001, which denied the petition and declared that the parties' controversy regarding the enforceability of the contract is arbitrable. Justice McGinity has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court correctly determined that the dispute between the parties is arbitrable (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.,* 37 NY2d 91 [1975]). Krausman, J.P., McGinity, Townes and Cozier, JJ., concur.

■ CHERYL L. BOHN, Respondent, v FREDERICK BOHN, Appellant. [760 NYS2d 889] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), entered May 30, 2002, as awarded the plaintiff wife an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court properly determined the plaintiff's application for an award of an attorney's fee without conducting an evidentiary hearing. The parties stipulated that the issue would be decided on the submission of papers, and the submitted papers were sufficient to permit a proper determination (*see Pinto v Pinto,* 260 AD2d 622 [1999]; *Reehill v Reehill,* 181 AD2d 725 [1992]). In light of the circumstances, the award of an attorney's fee to the plaintiff was a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]; *Gagstetter v Gagstetter,* 283 AD2d 393 [2001]; *Morrissey v Morrissey,* 259 AD2d 472 [1999]).

The defendant's remaining contentions are without merit. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.