■ NANCY N. MIKLOS, Appellant-Respondent, v JOSEPH MIK-LOS, Respondent-Appellant. SCHLISSEL, OSTROW, KARABATOS, POEPPLEIN, CENDER & FISHER, PLLC, Now Known as SCHLISSEL, OSTROW, KARABATOS, POEPPLEIN & FISHER, PLLC, Nonparty Appellant-Respondent. [800 NYS2d 561]—In a matrimonial action in which the parties were divorced by judgment entered July 3, 2002, the plaintiff former wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Stack, J.), entered January 10, 2003, which, inter alia, granted those branches of her motion which were for an award of an attorney's fee and expert fees only to the extent of direct-ing the defendant former husband to pay her counsel an at-torney's fee in the sum of $87,500, payable in four annual installments each in the sum of $21,875, and to pay her experts 60% of their fees, and the defendant former husband cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the plaintiff's motion which were for an award of an attorney's fee and expert fees and awarded compound interest of 1.5% per month on any untimely install-ment payments of the attorney's fee, and nonparty Schlissel, Ostrow, Karabatos, Poepplein, Cender & Fisher, PLLC, now known as Schlissel, Ostrow, Karabatos, Poepplein & Fisher, PLLC, the attorneys for the plaintiff, separately cross-appeals from stated portions of the same order which, inter alia, directed the defendant to pay it the sum of only $87,500 as an attorney's fee in four installments.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding compound interest of 1.5% per month on any untimely installment payments of the attorney's fee; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

An award of a reasonable attorney's fee is a matter within the sound discretion of the trial court (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Morrissey v Morrissey,* 259 AD2d 472, 473 [1999]). Contrary to the contentions of the par-ties, the Supreme Court providently exercised its discretion in directing the defendant to pay a portion of the plaintiff's at-torney's fee and expert fees (*see Klisivitch v Klisivitch,* 291 AD2d 433 [2002]; *Mitzner v Mitzner,* 271 AD2d 513 [2000]; *Tayar v Tayar,* 250 AD2d 757, 758 [1998]; *Feeney v Feeney,* 241 AD2d

510 [1997]; *Reehill v Reehill,* 181 AD2d 725, 726 [1992]). Moreover, under the circumstances of this case, the defendant was properly permitted to pay the attorney's fee in installments (*see Romano v Romano,* 139 AD2d 979, 980 [1987]; *Allen v Allen,* 77 AD2d 558, 559 [1980]).

However, we find that Supreme Court improperly awarded compound interest of 1.5% per month, which is at least twice the statutory rate of 9% per annum, on any untimely installment payments (*see* Domestic Relations Law § 244; *Verdrager v Verdrager,* 230 AD2d 786 [1996]; *Manno v Manno,* 224 AD2d 395, 400 [1996]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., S. Miller, Ritter and Goldstein, JJ., concur.