■ In the Matter of VIRGINIA DOWD, Respondent, v JONA-
THAN WHITE, Appellant. (Proceeding No. 1.) JONATHAN WHITE,
Appellant, v VIRGINIA DOWD, Respondent. (Proceeding No. 2.)
—In two related proceedings pursuant to Family Court Act
article 6, *inter alia,* to modify a child visitation agreement, the
father appeals from an order of the Family Court, Dutchess
County (Marlow, J.), entered April 8, 1988, which, *inter alia,*
granted the mother's application for counsel fees.

Ordered that the order is affirmed, without costs or dis-
bursements.

The parties are the parents of a child born on April 20,
1983. Pursuant to a custody and visitation agreement between
the parties, the father was granted custody of the child, with
visitation rights afforded the mother.

At issue on this appeal is the award of $4,000 in counsel
fees to the mother. The award followed the parties' in-court
settlement of the father's subsequent application to modify
the terms of the parties' prior agreement regarding visitation
and the mother's separate application to hold the father in
contempt of court for his failure to comply with prior court
orders regarding visitation. The settlement provided, *inter
alia,* that the child's visitation with the mother would be
supervised.

The father's claim that the award of counsel fees to the wife
violated the parties' prior visitation agreement, which pro-
vides in pertinent part that the "prevailing party shall be
entitled to reasonable attorney's fees from the losing party," is
without merit. Prior to accepting the instant settlement, the
court informed the father that the settlement would not be
considered as an admission of wrongdoing on either party's
part.

It was not error for the court to decline to hold a hearing on
the issue of counsel fees. Although the father initially re-
quested a hearing, he ultimately agreed that the issue could
be determined on the parties' supporting papers *(see, Kerlinger
v Kerlinger,* 121 AD2d 691, 692).

Nor did the court err in awarding $4,000 in attorney's fees to the mother. Many of the prior court proceedings regarding visitation were brought about by the father's unfounded accusations regarding the mother, or his refusal to comply with various court orders. The court correctly noted that the father's conduct "bordered on being legally contemptuous" *(see generally, Ardito v Ardito,* 97 AD2d 830, 831).

We have considered the father's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Bracken and Lawrence, JJ., concur.