■ KENNETH T. BURKE, Appellant, v LAURA A. BURKE, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Petitioner appeals from an order which followed an on-the-record stipulation in settlement of a proceeding pursuant to the Uniform Child Custody Jurisdiction Act. The court directed respondent's attorney to draw an order and to settle that order with petitioner's attorney. After the proposed order was drawn and submitted, petitioner's attorney informed the court by letter that she objected to the proposed order on the ground that its language did not conform to the stipulation. Nevertheless, the court signed the order as drafted by respondent's attorney. The order also awarded attorney's fees to respondent.

On appeal, petitioner argues that the order does not accurately incorporate the terms of the stipulation and further argues that the award of attorney's fees was improper. We have examined the order and conclude that, with the exception of the ninth decretal paragraph, it correctly incorporates the significant provisions of the stipulation (see, *Pizzuto v Pizzuto*, 162 AD2d 443; *Hanlon v Thonsen*, 146 AD2d 743; *Blaustein v Blaustein*, 145 AD2d 591). The ninth decretal paragraph, however, does not accurately reflect the intention of the parties as expressed in the stipulation. The stipulation directed petitioner to pay "for two round trip visits *for the mother* each year", while the ninth decretal paragraph directs petitioner to pay "for two round-trip tickets *for the child* to visit with his mother" (emphasis added). We, therefore, delete the ninth decretal paragraph and substitute the following: "ORDERED, that beginning in 1990 and for each year thereafter, the Petitioner is directed to pay for two round-trip airline tickets for the mother so that she may spend time with the child."

Finally, we reject petitioner's argument that the court erred in awarding attorney's fees to respondent. In the circumstances of this proceeding, the court had the authority to make such an award (see, Domestic Relations Law § 237; *Ross v Ross*, 90 AD2d 541; *see also, Lancaster v Lancaster*, 141 AD2d 701). (Appeal from Order of Erie County Family Court, Sedita, Jr., J.—Attorney's Fees.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.