■ In the Matter of THEODORE KREBSBACH, Respondent, v NANCY GALLAGHER, Appellant. [614 NYS2d 40] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Mosca, J.), dated April 29, 1992, which denied her motion for counsel fees.

Ordered that the order is reversed, on the law and on the facts, with costs, the mother's motion is granted, and the matter is remitted to the Family Court, Nassau County, for a determination of what would be reasonable counsel fees.

The parties were divorced in 1988 and had joint custody of the two children of the marriage, although the children's primary residence was with the mother. Subsequently, the father commenced this proceeding for a change of custody.

By an order dated March 26, 1992, the Family Court, Nassau County (Mosca, J.), granted the father's petition and awarded him sole custody of the two children. On an expedited appeal, this Court reversed the Family Court's order and granted sole custody of the children to the mother (see, Matter of Krebsbach v Gallagher, 181 AD2d 363).

Before the custody award to the father was reversed by this Court, the Family Court denied the mother's motion for counsel fees, essentially, on the ground that her misconduct had warranted the change of custody to the father and on the ground that her second husband, rather than the mother herself, had signed the retainer agreement with her attorney. This appeal ensued.

Since this Court has already reversed the Family Court's custody award, granted custody to the mother, and determined that the father was at greater fault than the mother in

this dispute (see, Matter of Krebsbach v Gallagher, supra, at 363), it is clear that the Family Court erred in denying the mother's motion for counsel fees on the basis of any purported misconduct on her part. Moreover, there is nothing in the language of the Family Court Act or Domestic Relations Law § 237 (b) that would bar an award of counsel fees to the mother merely because her second husband was the one who actually signed the retainer agreement with her attorneys.

Under the circumstances of this case, we find that the Family Court should have granted the mother's motion for counsel fees. Accordingly, the matter is remitted to the Family Court, Nassau County, for a determination of the amount of the award (see, Matter of O'Neil v O'Neil, 193 AD2d 16, 20).

We have considered the father's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.