In the Matter of TRACY BELLE, Respondent, v WAYNE S. DeMILIA, Appellant. [798 NYS2d 104]—

In a proceeding pursuant to Family Court Act article 6 to modify the visitation provisions of a stipulation of settlement dated September 10, 2002, the father appeals from an order of the Family Court, Rockland County (Warren, J.), entered October 5, 2004, which granted the mother's motion for an award of an attorney's fee.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court is authorized to award an attorney's fee in a proceeding brought pursuant to Family Court Act article 6 to modify the visitation provisions of a stipulation of settlement that was not embodied in a court order or incorporated into a judgment of divorce. Family Court Act § 651 (b) grants the Family Court "the same powers possessed by the supreme court" in custody and visitation proceedings initiated in the Family Court. Domestic Rela-

tions Law § 237 (b) authorizes the Supreme Court to award an attorney's fee in proceedings "concerning custody [and] visitation . . . of a child" when warranted under the circumstances of the case. Since this proceeding concerns visitation of a child, the Family Court was statutorily empowered to award the mother an attorney's fee (*see Matter of O'Shea v Parker*, 16 AD3d 510 [2005]; *Matter of O'Neil v O'Neil*, 193 AD2d 16 [1993]; *see also Matter of Dowd v White*, 155 AD2d 459 [1989]).

The father's remaining contention is without merit. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.