In the Matter of CORNELIUS SULLIVAN, Respondent, v MARILYN SULLIVAN, Appellant. [836 NYS2d 259]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Blass, Ct Atty Ref), dated October 12, 2006, as, upon a decision dated September 8, 2006, made after a hearing, and upon the father's petition for a change in residential custody, in effect, modified the parties' visitation and holiday schedule as set forth in a prior order of the same court (Lynaugh, J.), dated July 6, 2004, by awarding increased visitation to the father, and denied those branches of her cross petition which were to enjoin the father from filing further petitions to modify custody without leave of court and for an award of counsel fees.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provisions thereof, in effect, modifying the parties' visitation and holiday schedule as set forth in the prior order dated July 6, 2004, and (2) by deleting the provision thereof denying that branch of the mother's cross petition which was for an award of counsel fees and substituting therefor a provision granting that branch of the cross petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Fam-

ily Court, Suffolk County, for a determination of an appropriate award of counsel fees to the mother.

Under the circumstances presented here, the Family Court erred in modifying the visitation and holiday schedule set forth in a prior custody and visitation order. A visitation order may be modified only "upon a showing that there has been a subsequent change of ci cumstances and modification is required" (Family Ct Act § 467 [b] [ii]; *Matter of Wilson v McGlinchey,* 2 NY3d 375, 380 [2004]). The standard to be applied in determining whether visitation should be modified is the best interests of the child (*see Matter of Wilson v McGlinchey, supra; Messinger v Messinger,* 16 AD3d 562, 563 [2005]). As the Family Court correctly found, the father made a prima facie showing of a change of circumstances by demonstrating that the subject child's school absences and tardiness during the previous school year were excessive (*see Matter of Crocker v Crocker,* 307 AD2d 402, 403 [2003]). However, the record did not establish that modification of the existing visitation and holiday schedule was in the child's best interests (*see Messinger v Messinger, supra*).

The record reveals that, contrary to the father's contention, the child's excessive school absences and tardiness were not attributable to poor parenting by the mother. Rather, they were due to multiple stresses in the child's life, including stresses related to her recent transition to middle school, students she perceived as bullying her both at school and on the school bus, her unpreparedness at school due to her failure to complete homework and other school assignments, a knee injury and subsequent surgery, and, not insignificantly, the on-going proceedings initiated by the father against the mother for the purpose of effecting a change of residential custody to the father. An analysis of the relevant factors indicates that, contrary to the Family Court's finding, the child's best interests would not be served by increasing visitation, inter alia, to provide the child with overnight visitation with the father on four out of five nights during the school week. The mother took appropriate steps to deal with the stresses experienced by the child, including having the child seen by a pediatrician, cooperating with the father in obtaining therapy for the child, and consulting with the school nurse, attendance officer, and guidance counselor about the child's attendance and tardiness problems. Moreover, the mother testified that, in the near future, she would be working fewer hours and her work schedule would be more flexible, allowing her more time to ensure that the child completed her homework and school assignments. Other factors that militate

in favor of retaining the existing visitation schedule include the child's desires as expressed to the court in camera, the law guardian's position opposing increased visitation to the father, and the stability the child derives from residing with her mother, her brother, and her grandmother, with whom she has strong emotional bonds, in the house she has lived in since infancy.

However, the Family Court properly denied that branch of the mother's cross petition which was to enjoin the father from filing further petitions to modify custody without leave of court. As the father correctly argues, while he filed several of these custody petitions since the parties divorced, nothing indicates that the allegations raised therein were not based, for the most part, on his legitimate concerns for the child's welfare. Therefore, he should be not be precluded from seeking such relief should there be a change of circumstances with respect to the child's welfare.

The Family Court has the power to award counsel fees in a custody matter pursuant to Domestic Relations Law § 237 (b) (*see Matter of Belle v DeMilia,* 19 AD3d 691, 691-692 [2005]; *Matter of O'Shea v Parker,* 16 AD3d 510 [2005]; *Matter of O'Neil v O'Neil,* 193 AD2d 16, 20 [1993]). "An award made pursuant to Domestic Relations Law § 237 (b) is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost" (*Matter of O'Neil v O'Neil, supra* at 20). Here, considering the relative financial circumstances of the parties and the circumstances of the case, the Family Court improvidently exercised its discretion in denying that branch of the mother's cross petition which was for an award of counsel fees. Accordingly, we remit the matter to the Family Court, Suffolk County, for a determination of an appropriate award of counsel fees to the mother (*see Matter of Krebsbach v Gallagher,* 205 AD2d 782, 783 [1994]; *Matter of O'Neil v O'Neil, supra* at 20).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.