■ In the Matter of AMANDA FRIEDMAN, Formerly Known as AMANDA VAN HOLT, Respondent, v DAVID S. ROME, Appellant. [854 NYS2d 515]—

"The award of reasonable counsel fees is a matter within the sound discretion of the trial court" (*Walker v Walker*, 255 AD2d 375, 376 [1998]). It " 'is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost' " (*Matter of Sullivan v Sullivan*, 40 AD3d 865, 867 [2007], quoting *Matter of O'Neil v O'Neil*, 193 AD2d 16, 20 [1993]).

The Family Court providently exercised its discretion in directing the mother to pay only a portion of the father's attorney's fees. The Family Court's award of an attorney's fee in the sum of $10,000 was in addition to a previous award of an attorney's fee in the sum of $8,800, made to the father pursuant to an order of the same court dated July 24, 2006. Given the circumstances of this case, including the relative merits of the parties' positions, and their respective financial circumstances, the award of an attorney's fee to the father in the total sum of $18,800 was appropriate (*see* Domestic Relations Law § 237; *Miklos v Miklos*, 21 AD3d 353 [2005]; *Klisivitch v Klisivitch*, 291 AD2d 433 [2002]; *Feeney v Feeney*, 241 AD2d 510, 511 [1997]).

Further, the court providently exercised its discretion in allocating to him 50% of the forensic expert's fees (*see* Domestic Relations Law § 237 [a]; *Bluemer v Bluemer*, 47 AD3d 652, 653 [2008]; *Matter of Mohammad v Mohammad*, 23 AD3d 476, 477 [2005]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.