■ In the Matter of DONALD DEMPSEY, Appellant, v PAMELA DEMPSEY, Respondent. [911 NYS2d 658]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of (1) an order of the Family Court, Putnam County (Reitz, J.), dated December 3, 2009, as granted the mother's motion for an award of an attorney's fee and directed the father to pay the mother an attorney's fee in the sum of $13,000, and (2) an order of the same court dated April 30, 2010, as denied his motion for leave to renew his opposition to the mother's motion for an award of an attorney's fee.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly granted the mother's motion for an award of an attorney's fee. The Family Court has the power to award an attorney's fee in a custody matter pursuant to Domestic Relations Law § 237 (b) (*see Matter of Belle v DeMilia*, 19 AD3d 691, 691-692 [2005]; *Matter of O'Shea v Parker*, 16 AD3d 510 [2005]; *Matter of O'Neil v O'Neil*, 193 AD2d 16, 20 [1993]). "An award made pursuant to Domestic Relations Law § 237 (b) is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost" (*Matter of O'Neil v O'Neil*, 193 AD2d at 20). Here, considering the relative financial circumstances of the parties and the circumstances of the case, the Family Court providently exercised its discretion in granting the mother's motion for an award of an attorney's fee in the sum of $13,000.

The Family Court properly denied the father's motion for leave to renew his opposition to the mother's motion for an award of an attorney's fee because the father failed to offer new facts which, although in existence at the time he filed opposition to the prior motion, were not known to him (*see Jacobs v Sabo*, 17 AD3d 321 [2005]; *Johnson v Marquez*, 2 AD3d 786, 788-789 [2003]), and which would have changed the prior determination (*see* CPLR 2221 [e]). Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.