In related child custody proceedings pursuant to Family Court Act article 6, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), dated March 14, 2011, as, after a hearing, denied his petition to modify a prior order of the same court dated April 21, 2006, awarding sole custody of the parties’ children to the mother, and (2) from an order of the same court dated April 4, 2011, which granted the mother’s motion for an award of an attorney’s fee.
Ordered that the order dated March 14, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that the order dated April 4, 2011, is affirmed; and it is further,
*857 Ordered that one bill of costs is awarded to the respondent.
“Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child” (Matter of Pignataro v Davis, 8 AD3d 487, 488 [2004]; see Matter of Gurewich v Gurewich, 58 AD3d 628 [2009]; Matter of Fallarino v Ayala, 41 AD3d 714 [2007]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]). “The factors to be considered in making a determination with respect to the best interests of the child include ‘the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child’s emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child’s relationship with the other parent’ ” (Matter of Yearwood v Yearwood, 90 AD3d 771, 773-774 [2011], quoting Matter of Elliott v Felder, 69 AD3d 623, 623 [2010]; see Eschbach v Eschbach, 56 NY2d at 172). “Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court’s findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Jackson v Coleman, 94 AD3d 762, 763 [2012]; see Matter of Solovay v Solovay, 94 AD3d 898 [2012]; Matter of Ross v Ross, 86 AD3d 615, 616 [2011]).
“Priority in custody disputes should usually be given to the parent who was first awarded custody . . . because this policy assures stability in the child’s life” (Matter of Salvati v Salvati, 221 AD2d 541, 542 [1995]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; White v Mazzella-White, 84 AD3d 1068 [2011]; Matter of Russell v Russell, 72 AD3d 973, 974 [2010]; Matter of Ganzenmuller v Rivera, 40 AD3d 756 [2007]). Thus, “[w]hen . . . there is no indication that a change of custody will result in significantly enhancing the child’s welfare, it is generally considered in the child’s best interests not to disrupt his [or her] life” (Matter of Salvati v Salvati, 221 AD2d at 543; see Gonzalez v Gonzalez, 17 AD3d 635 [2005]).
Here, the Family Court’s determination that there had not been a change of circumstances sufficient to warrant a change of custody was supported by a sound and substantial basis in the record and will not be disturbed. Although there was evi *858 dence that the mother had interfered with the father’s visitation, her behavior was not sufficient to justify a change of custody (see Cervera v Bressler, 90 AD3d 803, 805-806 [2011]; Matter of Fallarino v Ayala, 41 AD3d 714 [2007]). Although there was also evidence that the mother had denied the father midweek visitation on several occasions between September of 2007 and March of 2008 based on her interpretation of the father’s visitation rights under a prior order, that issue has been resolved and does not warrant a change of custody (see Matter of Chery v Richardson, 88 AD3d 788, 789 [2011]). Furthermore, contrary to the father’s contention, the mother’s handling of the children’s health care does not warrant a change of custody (see Matter of Cree v Terrance, 55 AD3d 964, 967 [2008]; Matter of Daniels v Guntert, 243 AD2d 891 [1997]). The evidence established that the children were “well cared for and thriving under [their] mother’s care,” and there was nothing to suggest “that the father was a more fit parent or that he would be able to provide a better home environment or better care for the child[ren]” (Cervera v Bressler, 90 AD3d at 805 [internal quotation marks omitted]; see Matter of Salvati v Salvati, 221 AD2d at 543).
The Family Court has the authority to award an attorney’s fee in custody proceedings when warranted under the circumstances of the case (see Family Ct Act § 651 [b]; Domestic Relations Law § 237 [b]; Matter of Belle v DeMilia, 19 AD3d 691 [2005]; Matter of O’Neil v O’Neil, 193 AD2d 16, 19-20 [1993]). “The award of reasonable counsel fees is a matter within the sound discretion of the trial court” (Walker v Walker, 255 AD2d 375, 376 [1998]; see Matter of Friedman v Rome, 49 AD3d 878 [2008]). Any such award “is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties’ positions, but should not be predicated solely on who won and who lost” (Matter of O’Neil v O’Neil, 193 AD2d at 20; see Matter of Dempsey v Dempsey, 78 AD3d 1179 [2010]; Matter of Sullivan v Sullivan, 40 AD3d 865, 867 [2007]). Given the circumstances of this case, including the relative merits of the parties’ positions and their respective financial circumstances, the Family Court providently exercised its discretion in granting the mother’s motion for an award of an attorney’s fee (see Matter of O’Shea v Parker, 16 AD3d 510 [2005]; Walker v Walker, 255 AD2d at 376). Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.
Motion by the appellant on appeals from two orders of the Family Court, Orange County, dated March 14, 2011, and April *859 4, 2011, respectively, to strike stated, portions of pages 9 and 19 of the respondent’s brief and pages 28 and 29 of the brief of the attorney for the children on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated April 18, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeals. Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is,
Ordered that the motion is granted to the extent that the following portions of the respective briefs of the respondent and the attorney for the children are stricken and have not been considered in the determination of the appeal, and the motion is otherwise denied:
(1) the sentence beginning with the word “Not” and ending with the word “community” on page 9 of the respondent’s brief;
(2) the sentence beginning with the word “Clearly” and ending with the word “peers” on page 9 of the respondent’s brief;
(3) the sentence beginning with the word “This” and ending with the word “children” on page 19 of the respondent’s brief; and
(4) pages 28 and 29 of the brief of the attorney for the children. Angiolillo, J.E, Florio, Belen and Chambers, JJ., concur.