In the Matter of KENNETH BARIBAULT, Appellant, v KENDRA SAUVOLA, Respondent. [955 NYS2d 406]—

Where the initial custody determination is made by the adoption of an agreement by the parties, custody may be modified where is it shown that, viewing the totality of the circumstances, a change in custody is in the child's best interest (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 96 [1982]). "Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and where a full evidentiary hearing has been held on the child's best interests, the resultant findings will not be lightly set aside on appeal" unless they lack a sound and substantial basis in the record (*Matter of Roldan v Nieves,* 76 AD3d 634, 635 [2010]; *see Eschbach v Eschbach,* 56 NY2d 167, 173-174 [1982]; *Salvatore v Salvatore,* 68 AD3d 966, 966-967 [2009]; *Matter of Berkham v Vessia,* 63 AD3d 1155, 1156 [2009]). Under the circumstances of this case, the Supreme Court's determinations that joint legal custody was no longer feasible, to award sole custody to the mother, and to modify the father's visitation were all supported

by evidence of changes in circumstances warranting those determinations in the child's best interest (*see Matter of Boggio v Boggio,* 96 AD3d 834, 835 [2012]; *Matter of Crowder v Austin,* 90 AD3d 753, 754 [2011]; *see also Matter of Mohabir v Singh,* 78 AD3d 1056, 1056-1057 [2010]). Accordingly, those determinations have a sound and substantial basis in the record.

Contrary to the father's contention, the Supreme Court providently exercised its discretion in determining that he was incompetent to testify at the hearing based upon the testimony of his treating physician (*see People v Parks,* 41 NY2d 36, 46 [1976]; *People v McGrady,* 45 AD3d 1395, 1395-1396 [2007]; *see also Matter of Luz P.,* 189 AD2d 274, 277 [1993]).

Further, the award of an attorney's fee to the mother was a provident exercise of discretion (*see* Domestic Relations Law § 237 [b]; *Matter of Belle v DeMilia,* 19 AD3d 691, 692 [2005]), "based on the financial circumstances of the parties and the circumstances of the case as a whole," including the relative merits of the parties' positions (*Matter of O'Neil v O'Neil,* 193 AD2d 16, 20 [1993]; *see Matter of Dempsey v Dempsey,* 78 AD3d 1179 [2010]; *Matter of Sullivan v Sullivan,* 40 AD3d 865, 867 [2007]; *Matter of O'Shea v Parker,* 16 AD3d 510 [2005]).

The father's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.