In the Matter of FENG LUCY LUO, Respondent, v THOMAS YANG, Appellant. [963 NYS2d 266]—

In two related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Posner, J.), dated May 2, 2012, as, without a hearing, granted the mother's motion for an award of counsel fees to the extent of awarding her counsel fees in the sum of $20,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Family Court has the authority to award counsel fees in custody proceedings when warranted under the circumstances of the case (*see* Family Ct Act § 651 [b]; Domestic Relations Law § 237 [b]; *Matter of Belle v DeMilia*, 19 AD3d 691 [2005]; *Matter of O'Neil v O'Neil*, 193 AD2d 16, 19-20 [1993]). "The award of reasonable counsel fees is a matter within the sound discretion of the trial court" (*Walker v Walker*, 255 AD2d 375, 376 [1998]; *see Matter of Friedman v Rome*, 49 AD3d 878 [2008]). Any such award "is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost" (*Matter of O'Neil v O'Neil*, 193 AD2d at 20; *see Matter of Dempsey v Dempsey*, 78 AD3d 1179 [2010]; *Matter of Sullivan v Sullivan*, 40 AD3d 865, 867 [2007]). Contrary to the father's contention, under the circumstances of this case, including the relative merits of the parties' positions and their respective financial circumstances, the Family Court providently exercised its discretion in granting the mother's motion for an award of counsel fees (*see Matter of Tuglu v Crowley*, 96 AD3d 862 [2012]; *Matter of Ross v Ross*, 96 AD3d 856, 858 [2012]). In addition, the court properly awarded the mother counsel fees without a hearing. The parties stipulated that the mother's motion could be decided on papers, and the papers submitted in support of, and in op-

position to, the motion were sufficient to permit a proper determination of the issue (*see Matter of O'Shea v Parker*, 16 AD3d 510, 511 [2005]; *Bengard v Bengard*, 5 AD3d 340 [2004]; *Matter of Zirkind v Zirkind*, 218 AD2d 745 [1995]). Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.