In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Richmond County (Oakes, Ct. Atty. Ref.), dated June 14, 2012, which, after a hearing, awarded the mother sole custody of the parties’ children, and (2) an order of the same court, also dated June 14, 2012, which granted the mother’s motion for attorney’s fees.
Ordered that the orders are affirmed, with one bill of costs.
“In making an initial custody determination, the courts must consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child’s wishes, the *570 home environment with each parent, each parent’s past performance, relative fitness, ability to guide and provide for the child’s overall well-being, and the willingness of each parent to foster a relationship with the other parent” (Matter of Swinson v Brewington, 84 AD3d 1251, 1253 [2011] [internal quotation marks omitted]). “ ‘Custody determinations are ordinarily a matter of discretion for the hearing court, whose determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record’ ” (Matter of Williams v Dowgiallo, 90 AD3d 942, 943 [2011], quoting Matter of Ortiz v Maharaj, 8 AD3d 574, 574 [2004]). Here, the Family Court’s determination that the children’s best interests would be served by awarding sole custody to the mother had a sound and substantial basis in the record.
Furthermore, the award of attorney’s fees to the mother was a provident exercise of discretion (see Domestic Relations Law § 237 [b]; Matter of Baribault v Sauvola, 101 AD3d 865, 866 [2012]), “based on the financial circumstances of the parties and the circumstances of the case as a whole,” including the relative merits of the parties’ positions (Matter of O’Neil v O’Neil, 193 AD2d 16, 20 [1993]). Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.