■ In the Matter of TRACY DECILLIS, Appellant, v THOMAS DECILLIS, Respondent. (Proceeding No. 1.) In the Matter of THOMAS DECILLIS, Respondent, v TRACY DECILLIS, Appellant. (Proceeding No. 2.) [26 NYS3d 887]—

Appeal from an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated May 8, 2015. The order, insofar as appealed from, without a hearing, denied the mother's cross petition for an award of an attorney's fee in the sum of $21,634.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the mother's cross petition for an award of an attorney's fee in the sum of $21,634 is granted.

The Family Court has the authority to award an attorney's fee in custody proceedings when warranted under the circumstances of the case (see Family Ct Act § 651 [b]; Domestic Relations Law § 237 [b]; Matter of Feng Lucy Luo v Yang, 104 AD3d 852 [2013]; Matter of O'Neil v O'Neil, 193 AD2d 16, 19-20 [1993]). An award of an attorney's fee "is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost" (Matter of O'Neil v O'Neil, 193 AD2d at 20; see Matter of Dempsey v Dempsey, 78 AD3d 1179 [2010]; Matter of Sullivan v Sullivan, 40 AD3d 865, 867 [2007]). Under the circumstances of this case, including the relative merits of the parties' positions and their respective financial circumstances, the Family Court improvidently exercised its discretion in denying the mother's cross petition for an award of an attorney's fee (see Matter of Tinger v Tinger, 108 AD3d 569, 570 [2013]; Terranova v Terranova, 99 AD3d 788, 789 [2012]; Matter of Sullivan v Sullivan, 40 AD3d at 867). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.