Appeal by the mother from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated January 11, 2017. The order, insofar as appealed from, without a hearing, denied the mother’s motion for an award of an attorney’s fee.
 

 Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the mother’s motion for an award of an attorney’s fee is granted, and the matter is remitted to the Family Court, Nassau County, for a determination of the amount of the attorney’s fee to be awarded to the mother.
 

 The parties were divorced by a judgment of divorce dated January 24, 2014, which incorporated a stipulation of settlement and a stipulation of custody and parenting time regarding their son. The father petitioned for a modification of the stipulation of custody and parenting time, and the petition was dismissed by the Family Court with a directive to file a petition commencing a violation proceeding. Thereafter, the father filed a violation petition, which was subsequently resolved by a settlement.
 

 The mother moved for an award of an attorney’s fee incurred in opposing the father’s modification and violation petitions, submitting, among other things, the retainer agreement with her attorney, invoices of legal fees incurred, her financial disclosure affidavit, an affirmation by her counsel, and evidence that the father was the monied parent, earning a dramatically higher income. The father opposed the mother’s motion. However, he failed to provide a financial disclosure affidavit. The Family Court denied the mother’s motion.
 

 The Family Court has the authority to award an attorney’s fee in custody proceedings when warranted under the circumstances of the case (see Family Ct Act § 651 [b]; Domestic Relations Law § 237 [b]; Matter of Catto v Howell, 144 AD3d 1146 [2016]; Matter of DeCillis v DeCillis, 137 AD3d 1122 [2016]). An award of an attorney’s fee “is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties’ positions, but should not be predicated solely on who won and who lost” (Matter of O’Neil v O’Neil, 193 AD2d 16, 20 [1993]; see Matter of Dempsey v Dempsey, 78 AD3d 1179 [2010]; Matter of Sullivan v Sullivan, 40 AD3d 865, 867 [2007]).
 

 Under the circumstances of this case, including the relative merits of the parties’ positions and their respective financial circumstances, the Family Court improvidently exercised its discretion in denying the mother’s motion for an award of an attorney’s fee (see Matter of Catto v Howell, 144 AD3d at 1147; Matter of DeCillis v DeCillis, 137 AD3d at 1123; Matter of Tinger v Tinger, 108 AD3d 569, 570 [2013]; Terranova v Terranova, 99 AD3d 788, 789 [2012]; Matter of Sullivan v Sullivan, 40 AD3d at 867).
 

 Dillon, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.