Matter of Bartholomew v Marano (2019 NY Slip Op 08400)





Matter of Bartholomew v Marano


2019 NY Slip Op 08400


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-00304
 (Docket No. V-14737-15/15A, 16B)

[*1]In the Matter of Natasha Soo-Hon Bartholomew, respondent, 
v
Anthony Marano, appellant.


Friedman & Friedman, PLLC, Garden City, NY (Sari M. Friedman of counsel), for appellant.
Law Offices of Rachel A. Camillery, P.C., West Islip, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated December 17, 2018. The order granted the mother's motion for an award of attorney's fees in the sum of $36,735.40.
ORDERED that the order is affirmed, with costs.
The parties are the parents of one child, born in 2006. The child has resided with the mother for her entire life. In 2015 and 2016, the parties both moved to modify a prior order of custody and parental access. After a hearing, the Family Court granted the mother's petition to modify the prior order of custody and parental access and dismissed the father's petition, awarding the mother sole legal and residential custody of the child, with parenting time to the father. The order was affirmed on appeal (see Matter of Bartholomew v Marano, 174 AD3d 893). In March 2018, the mother moved for an award of attorney's fees in the sum of $36,735.40. The court granted the motion, and the father appeals.
"The Family Court has the authority to award counsel fees in custody proceedings when warranted under the circumstances of the case" (Matter of Feng Lucy Luo v Yang, 104 AD3d 852, 852; see Family Ct Act § 651[b]; Domestic Relations Law § 237[b]), which is a matter entrusted to the court's sound discretion (see Matter of Yu Wei v Mathews, 165 AD3d 957, 958; Matter of Catto v Howell, 144 AD3d 1146, 1147; Matter of Weiss v Rosenthal, 135 AD3d 780, 781; Matter of Feng Lucy Luo v Yang, 104 AD3d at 852). "Such an award is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost'" (Matter of Yu Wei v Mathews, 165 AD3d at 958, quoting Matter of O'Neil v O'Neil, 193 AD2d 16, 20; see Matter of Catto v Howell, 144 AD3d at 1147; Matter of Weiss v Rosenthal, 135 AD3d at 781).
Here, the Family Court providently exercised its discretion in granting the mother's motion for an award of attorney's fees. In light of the parties' respective financial circumstances and the relative merit of the parties' positions, the award of attorney's fees to the mother in the sum of $36,735.40 was appropriate (see Matter of Yu Wei v Mathews, 165 AD3d at 958; Matter of Catto [*2]v Howell, 144 AD3d at 1147; Matter of Weiss v Rosenthal, 135 AD3d at 781; Matter of Feng Lucy Luo v Yang, 104 AD3d at 852; Matter of O'Neil v O'Neil, 193 AD2d at 20).
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court