Matter of Olga P. v Ioannis Y. (2020 NY Slip Op 02239)





Matter of Olga P. v Ioannis Y.


2020 NY Slip Op 02239


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Gische, J.P., Mazzarelli, Webber, Moulton, JJ.


310169/16 2344/19 3414/19 -19/19A 3412/19 19/19A 11016B -19/19B 11016A 11016 11015B 11015A 11015

[*1] In re Olga P., Petitioner-Appellant,
v
Ioannis Y., Defendant-Respondent.
Olga P., Petitioner-Appellant,
v
Ioannis Y., Defendant-Respondent.


Olga P., appellant pro se.
Myra L. Freed and Lawrence B. Goodman, New York, for respondent.

 Order, Supreme Court, New York County (Michael L. Katz, J.), entered November 27, 2018, appointing the wife a guardian ad litem, unanimously affirmed, without costs.

Appeal from order, Supreme Court, New York County (Steven Liebman, Special Referee), entered January 30, 2019, which terminated an order for supervised discovery, unanimously affirmed, without costs. Orders, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about April 4, 2019, which dismissed the wife's custody and family offense petitions for lack of jurisdiction, unanimously affirmed, without costs. Order, Supreme Court, New York County (Michael L. Katz, J.), entered April 18, 2019, which, inter alia, directed the husband to pay certain monthly expenses incurred by the wife, interim maintenance and the wife's interim counsel fees, unanimously affirmed, without costs. Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about May 6, 2019, which denied the wife's objection to an order of the same court (Kevin Mahoney, Support Magistrate), entered on or about March 27, 2019, which dismissed her petition for support on the ground that she had a motion pending before the Supreme Court seeking identical relief, unanimously affirmed, without costs. Order, Family Court, New York County (Gail Adams, Referee), entered on or about June 3, 2019, which dismissed the wife's family offense petition with leave to seek the same relief in the Supreme Court, unanimously affirmed, without costs.
We find that the Supreme Court providently exercised its discretion in appointing a guardian ad litem for the wife because, as a result of her deteriorating mental health, she was incapable of prosecuting or defending the case and assisting counsel (see CPLR 1201; Anonymous v Anonymous, 256 AD2d 90 [1st Dept 1998], lv denied 99 NY2d 509 [2003]).
The wife's appeal from the January 30, 2019 order of the Special Referee has no merit. In that order, the Special Referee stated that "the referenced discovery supervision as directed was concluded and completed." It was not an improvident exercise of discretion for the Special [*2]Referee to oversee or conclude supervised discovery. Supreme Court appropriately appointed the Special Referee pursuant to CPLR 3104(a) in light of the wife's frustration of discovery. The need for supervised discovery was alleviated after the wife was appointed a guardian ad litem who retained a matrimonial counsel for the wife.
The Family Court properly dismissed the wife's custody and support petitions for lack of jurisdiction. Since the Family Court is a court of limited jurisdiction, absent a referral from the Supreme Court, it does not have original jurisdiction over proceedings for custody and visitation while an action for divorce is pending (NY Const, art VI, § 13[b][2]; Matter of O'Neil v O'Neil, 193 AD2d 16, 19 [2d Dept 1993]; Poliandro v Poliandro, 119 AD2d 577 [2d Dept 1986], appeal dismissed 68 NY2d 908 [1986]). The same rule applies to proceedings for child support or spousal support (NY Const, art VI § 13[b][4]; LaPiana v LaPiana, 67 AD2d 966 [2d Dept 1979]).
We decline to disturb the pendente lite award. Ordinarily, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial, and no exception is warranted here (see Turret v Turret, 147 AD3d 467, 468 [1st Dept 2017]; Nimkoff v Nimkoff, 69 AD3d 501 [1st Dept 2010]; Gad v Gad, 283 AD2d 200 [1st Dept 2001]).
Although the Supreme Court and Family Court have concurrent jurisdiction to entertain and issue orders of protection, the Family Court properly dismissed the wife's family offense and violation petitions (see Domestic Relations Law § 252). At the time of the filing of the family offense petitions, the divorce case had been pending for almost three years before Justice Katz and the issue of an order of protection was intrinsically intertwined with the matrimonial action. The legislature's grant of concurrent jurisdiction was not intended to give an advantage to one side by allowing the same issues to be litigated in two forums.
We have considered the wife's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK