Hendershot v Hendershot (2020 NY Slip Op 05384)





Hendershot v Hendershot


2020 NY Slip Op 05384


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


779 CA 19-02256

[*1]ANDREA L. HENDERSHOT, PLAINTIFF-RESPONDENT,
v
PAUL S. HENDERSHOT, DEFENDANT-APPELLANT. 






MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT. 
ANDREA L. HENDERSHOT, PLAINTIFF-RESPONDENT PRO SE. 
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 31, 2019. The order, among other things, granted that part of plaintiff's motion seeking to increase her visitation with the parties' children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this post-judgment proceeding, defendant father appeals, as limited by his brief, from an order to the extent that it granted that part of the motion of plaintiff mother seeking to increase her visitation with the subject children. We agree with the father that the mother, as the party seeking to modify the visitation provisions of the judgment of divorce, was required to "demonstrat[e] a sufficient change in circumstances since the time of the [judgment] to warrant an inquiry into the best interests of the children" (Matter of William F.G. v Lisa M.B., 169 AD3d 1428, 1429 [4th Dept 2019]; see Matter of Chromczak v Salek, 173 AD3d 1750, 1751 [4th Dept 2019]; Matter of Smith-Gilsey v Grisanti, 111 AD3d 1424, 1424 [4th Dept 2013]). We reject the father's further contention that the mother failed to meet that burden.
Initially, we conclude that where, as here, "[Supreme] Court failed to make an express finding that there was a change in circumstances, we have the authority to 'review the record to ascertain whether the requisite change in circumstances existed' " (Matter of Allen v Boswell, 149 AD3d 1528, 1528 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; see Matter of Grabowski v Smith, 182 AD3d 1002, 1003 [4th Dept 2020], lv denied 35 NY3d 910 [2020]).
Here, the record establishes that the father was living entirely in Canandaigua when the judgment of divorce was issued, and the judgment granted him significant time with the children during the week. The mother established, however, that the father then began attending college in Ithaca and living there during the week, and the children were being cared for entirely by the paternal grandmother during the times the father was out of town. In addition, the mother moved back to Canandaigua from Albany at approximately the time that the judgment was issued. Thus, "the combined effect of the parties' 'relocation[s] was a change of circumstances warranting a reexamination of the existing custody [and visitation] arrangement' " (Shaw v Shaw, 155 AD3d 1673, 1674 [4th Dept 2017]; see Matter of Dench—Layton v Dench—Layton, 123 AD3d 1350, 1351 [3d Dept 2014]; see generally Matter of VanDusen v Riggs, 77 AD3d 1355, 1355 [4th Dept 2010]). Furthermore, although " 'not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances' " (Matter of Rulinsky v West, 107 AD3d 1507, 1508 [4th Dept 2013]; see Matter of Rohr v Young, 148 AD3d 1681, 1681 [4th Dept 2017]; Matter of Tuttle v Tuttle, 137 AD3d 1725, 1725 [4th Dept 2016]), and here the 12- and 14-year-old children stated that they wished to spend more time with the mother.
Finally, we reject the father's contention that the court delegated to the children its [*2]responsibility to set a visitation schedule (cf. Matter of Lakeya P. v Ajja M., 169 AD3d 1409, 1411 [4th Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Jeffrey T. v Julie B., 35 AD3d 1222, 1222 [4th Dept 2006]), "inasmuch as the record establishes that [the schedule issued by the court] is the product of the court's careful weighing of [the] appropriate factors . . . , and it has a sound and substantial basis in the record" (Matter of Talbot v Edick, 159 AD3d 1406, 1407 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]). Contrary to the father's contention, the mere fact that the attorney for the children drafted the schedule is of no moment. Orders and judgments are frequently drafted by counsel for the parties (see e.g. Burke v Burke, 174 AD2d 973, 973 [4th Dept 1991]; see generally 22 NYCRR 202.48 [c]; Funk v Barry, 89 NY2d 364, 366-367 [1996]) and, absent some error in drafting an order (see e.g. Curet v DeKalb Realty, LLC, 127 AD3d 914, 915-916 [2d Dept 2015]), which the father does not allege, it is a fully enforceable order of the court.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court