Matter of Peterson v Schwartz-Peterson (2024 NY Slip Op 00317)

Matter of Peterson v Schwartz-Peterson

2024 NY Slip Op 00317

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-09600
 (Docket Nos. V-5335-20, V-5336-20)

[*1]In the Matter of John Michael Peterson, respondent,
v
Carolyn Schwartz-Peterson, appellant.

Carolyn Schwartz, named herein as Carolyn Schwartz-Peterson, Rockville Centre, NY, appellant pro se.
Lee Anav Chung White Kim Ruger & Richter LLP, New York, NY (Aimee L. Richter of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated October 19, 2022. The order granted the mother's motion for an award of attorneys' fees only to the extent of awarding her the sum of $15,000.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the mother's motion for an award of attorneys' fees to the extent of awarding her the sum of $15,000, and substituting therefor a provision granting the motion to the extent of awarding her the sum of $80,000; as so modified, the order is affirmed, with costs to the mother.
The parties, who are the parents of two children, were divorced by judgment entered May 23, 2019, which incorporated, but did not merge, a stipulation of settlement dated January 23, 2019. Pursuant to the stipulation of settlement, the parties agreed to, inter alia, joint legal custody of the children, with residential custody to the mother and certain parental access to the father. In or around August 2020, the father filed petitions seeking to hold the mother in contempt for violating the stipulation of settlement and to modify the custody provisions of the stipulation of settlement, so as to, among other things, allow for the parties to have residential custody of the children on alternating weeks. Following a hearing, the Family Court denied both petitions, finding that the father failed to establish that the mother violated the stipulation of settlement and failed to demonstrate a change in circumstances warranting a modification of the stipulation of settlement.
The mother subsequently moved for an award of attorneys' fees in the sum of $115,000 incurred in connection with the father's petitions. In the order appealed from, the Family Court granted the mother's motion for an award of attorneys' fees only to the extent of awarding her the sum of $15,000. The mother appeals.
"The Family Court has the authority to award counsel fees in custody proceedings when warranted under the circumstances of the case" (Matter of Feng Lucy Luo v Yang, 104 AD3d 852, 852; see Family Ct Act § 651[b]; Domestic Relations Law § 237[b]). "The award of reasonable [*2]counsel fees is a matter entrusted to the trial court's sound discretion" (Matter of Yu Wei v Mathews, 165 AD3d 957, 958; see Matter of Friedman v Rome, 49 AD3d 878, 879). "Such an award 'is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost'" (Matter of Yu Wei v Mathews, 165 AD3d at 958, quoting Matter of O'Neil v O'Neil, 193 AD2d 16, 20).
Here, the Family Court improvidently exercised its discretion in awarding the mother attorneys' fees in the sum of only $15,000. Under the circumstances of this case, including the relative merits of the parties' positions and their respective financial circumstances (see Matter of Catto v Howell, 144 AD3d 1146, 1147), an award of attorneys' fees to the mother in the sum of $80,000 is appropriate (see Judge v Judge, 48 AD3d 424, 426).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court